## Byrne's Admr. v. C. & O. Ry. Co.

(Decided January 16, 1913.)

### Appeal from Greenup Circuit Court.

1. **Railroads—Death of One by Mud Scraper Car—Notice—When Engineer Not Liable.**—The wing of a mud scraper car which had been kicked by an engine fell as it was passing a switch, some 200 feet from the engine, and killed a person walking by the side of the railroad track, Held: That the engineer in charge of the engine having

struck the car with only such force as was necessary to move it, and having no notice of any defect in the fastening of the wings, is not liable to the person injured.

2.   Railroads—Transfer of Action to United States Court.—Where no cause of action is made out against the resident defendant, and the non-resident defendant renews its motion to remove the case to the United States court, when the action is dismissed as to the resident defendant, the motion should be sustained unless it appears that the plaintiff had reasonable grounds for joining the resident defendant.

S. S. WILLIS and A. F. BYRD, for appellant.

WORTHINGTON, COCHRAN & BROWNING, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On May 15, 1910, J. E. Byrne while walking along one of the railroad tracks in the yard of the Chesapeake and Ohio Railroad Company at Russell, Kentucky, was struck and killed by one of the wings of a mud scraper car; and this action was brought by his administrator against the railroad company and the engineer in charge of the engine which moved the car to recover for his death. The railroad company filed a petition to remove the case to the United States District court, charging a fraudulent joinder. The circuit court refused to remove the case. The railroad company filed a transcript of the record in the United States District court, and that court on motion remanded the case to the circuit court. When it came on for trial in the circuit court, at the conclusion of the plaintiff's evidence, the circuit court instructed the jury peremptorily to find for the engineer who was the only resident defendant, and the action having been dismissed as to him, the railroad company renewed its motion to remove the case to the United States District court. The circuit court sustained the motion and made an order removing the case. The plaintiff appeals.

The facts shown by the evidence are these: There was in the yard at Russell, what was called a hump track, which was a track raised up about six or eight feet above the other tracks at one point; cars would be pushed on the hump track by an engine and then they would roll down off the hump by their own momentum into other tracks for which they were intended without the engine pushing them along, and in this way much time was saved. A man would ride the cars down when they were turned loose on the hump track and when the cars had reached the point where they were to be left, he would

walk back upon the hump to take down other cars. For this purpose a pathway had been made five or six feet from the track along the side of the hump. Byrne was in the employ of the company but had not been working for a day or so. He came up that evening to report for duty the next day, and after reporting started home along this path. While he was walking in the path and about five feet from the track, the mud scraper car was sent down the hump. The car is an ordinary flat car with two wings attached to it which may be let down when the dirt is to be unloaded so that the dirt may be pushed off from the car. These wings are about eight feet wide, and when not in use should be fastened to a post in the center of the car by a chain. When the mud scraper car was started down the hump, the wings were up in proper position but when it got down about two hundred feet, and was passing a switch, one of the wings fell down, striking Byrne, who was just opposite, upon the head and killing him instantly. George McCoy testified that they had put over all the cars but this one; it stopped on the hump and the engine came up against the car hard enough to bump it off the scales, and it then rolled off down the hump; as it passed the first switch this wing let loose and dropped over and caught Byrne five or ten feet below the switch; it went all of a sudden; it was not going very fast; the movement of the engine was not any more than was necessary to move it off the hump. J. H. Harrison, who was within three or four feet of Byrne, saw the wing falling, and jumped out of the way. He said there was a man on the car when the wing fell; the engineer didn't use any more force than was necessary to push the car off the hump. George Merrill, the foreman of the yard, testified that the wings should be fastened up by a chain, and if properly secured there would be no danger of their falling in passing over the hump. Joe Winters testified that he examined the car; that the wing which did not fall was chained and that the wing which fell was not chained, and from the appearance of the post there was no way to chain it. The engineer struck the car with about the usual force that the engine had been hitting the other cars. J. H. Williams, the foreman of the crew, testified that this mud scraper car was brought in the yard the night before on a local freight; that he didn't examine the car until after the accident and that after the accident they put up the wing with a chain that was

on the car. Being asked if the wing had been fastened as it should have been fastened, would a jar caused by an engine striking the car with considerable force, cause it to become unfastened, he said: "I don't know about that, it might." Walter Rider testified that he couldn't say whether the engine hit the car harder the second time than the first, but it hit it hard enough to get it across the hump. When the car stopped on the scales the engineer could have coupled to the car and taken it around the scales on another track without sending it over the hump; this would be the only way of getting it over without kicking it off. When the engine kicked the car the first time, it didn't go over the hump and stopped on the scales. He then kicked it a second time, and it passed over the hump. This was in substance all the evidence as to how the accident occurred, and we think the circuit court properly held that there was no evidence of negligence on the part of the engineer causing the wing to fall. He had a right to assume that the mud scraper car was properly secured. The kicking of the car did not cause the wing to fall; for it ran from two hundred to three hundred feet after the engine kicked it before the wing fell. The wing fell from the rocking of the car in going over the switch two or three hundred feet from the point where the engine kicked it. There is no proof that the engineer failed to use ordinary care in the management of his engine. On the contrary all the proof shows that the car was moving slowly and that he gave it only sufficient power to carry it over the hump.

It is insisted however for the plaintiff that though all this is true he was in good faith in bringing his action, and that the failure of proof as to the engineer is not sufficient to show that there was a fraudulent joinder. In the recent case of Haynes Admr. v. Cinn. Etc. R. R. Co., 145 Ky. 209, we said:

"Whatever may be the rule in other jurisdictions, it is well established in this that when it appears during the trial of a case against a resident and non-resident defendant that there is a failure of proof against the resident defendant, the non-resident defendant may, when this condition arises, renew a motion to transfer on the ground of fraudulent joinder previously and in due time made. Dudley v. Illinois Central R. R., 127 Ky. 221; 13 L. R. A. n. s. 1186; Illinois Central R. Co. v. Coley, 121 Ky. 385, 1 L. R. A. n. s. 370; C. & O. Ry. Co. v. Banks, 144 Ky. 137; Underwood v. Illinois Central R. R.

Co., 31 Ky. Law Rep. 595; Ward v. Pullman Co., 131 Ky. 142, 25 L. R. A. n. s. 343. We did not hold in these cases, nor do we now lay it down as a rule of practice, that the decision of the trial court that the plaintiff has failed to make out a case against the resident defendant conclusively determines the right of the non-resident defendant to removal. The ruling of the trial court, upon the question of removal, is subject to review by this court, and if upon an inspection of the record we should be of the opinion that the trial court erred in determining that no case was made out against the resident defendant, we would hold that it was error to transfer the case. We would also hold that the order for removal was improper, if it appeared from the record that when the petition was filed the plaintiff had evidence reasonably sufficient to make out a case against the resident defendant, although he might for any reason be unable to produce it at the trial. But, when as in the case before us, we are satisfied from a consideration of the whole record that the plaintiff totally failed to make out a case against the resident defendant, and there is no showing that when the action was filed he could have made out a better one, it follows from the ruling in the cases before mentioned that we must agree with the trial court that the non-resident defendant was entitled to remove the action.''

We do not see that the case now before us can be distinguished from that case. There is no showing that the plaintiff failed to prove any fact which he had reason to believe he could prove when he brought the action; and if a case like this, a removal was refused, the statute allowing a removal of cases of this sort to the Federal court might be entirely defeated by the plaintiff by joining as one of the defendants a person against whom no cause of action existed. It is hard to believe that this action would ever have been brought against the engineer if he had been the sole defendant in the action, and this being true, it must be presumed that he was joined as a defendant for the purpose of preventing the removal of the case to the Federal court. The defendant preserved its rights when it made the motion at the proper time to remove the case; and when it appeared that the joinder was improper, the parties being all in court, there was no need of a notice of the motion to remove the case to the Federal court.

Judgment affirmed.