BECKHAM v. MUNGER OIL & COTTON CO. (No. 8056.)

(Court of Civil Appeals of Texas. Dallas. Dec. 21, 1918. Rehearing Denied Feb. 22, 1919.)

1. JUDGMENT ⬤═197—DISMISSAL—MERITS.

Where, after the court held that plaintiff could prove damages that accrued under some of the paragraphs of the petition, plaintiff announced he would offer no evidence, that was an abandonment of the case, authorizing a judgment of dismissal instead of a judgment for defendant on the merits.

2. DISMISSAL AND NONSUIT ⬤═60(2)—ABANDONMENT OF CASE—REFUSAL TO OFFER EVIDENCE.

Where plaintiff abandoned his case by refusing to offer evidence as to damages under paragraphs of petition to which exception was not sustained judgment of dismissal should be entered.

3. APPEAL AND ERROR ⬤═80(6) — DECISIONS APPEALABLE—PART OF CONTROVERSY.

A plaintiff who abandoned his case by refusing to offer proof in support of the part of petition sustained on exception is not entitled to appeal from the judgment against him, as only part of the case would be brought up for review.

4. APPEAL AND ERROR ⬤═801(4)—DISMISSAL —MERITS.

It is not the practice of the Court of Civil Appeals to review any question affecting the merits of the controversy on motion to dismiss the appeal.

5. APPEAL AND ERROR ⬤═712—REVIEW—RECORD.

The Appellate Court is bound by the record, and a decision cannot be based on matters not shown by the record.

───

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by John J. Beckham against the Munger Oil & Cotton Company, From a judgment for defendant, plaintiff appeals. Judgment reformed so as to be one of dismissal, and as reformed affirmed.

O. Kennedy, of Mexia, and W. T. Jackson, of Groesbeck, for appellant.

C. S. Bradley, of Groesbeck, and Coke & Coke, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellant to recover of appellee damages caused by appellee's removing from a tract of land a gin plant that it had built near appellant's farm and which it had contracted to maintain. Appellant's petition alleged various grounds of damages, and appellee answered by various exceptions, general and special, general denial, and special defenses. The cause came on regularly for trial. Both parties announced ready. The exceptions of defendant were presented and sustained in part and overruled in part, "the court holding that plaintiff could prove and show any damages that have accrued under paragraphs 6, 9, and 11 up to this date." The plaintiff in open court excepted. "Thereupon the plaintiff announced that he would not offer any evidence, and the court thereupon rendered judgment for defendant," the judgment being in effect that plaintiff take nothing of defendant and that defendant go hence and recover all costs, for which let execution issue. Plaintiff in open court then and there excepted and gave notice of appeal.

[1-3] The legal effect of plaintiff's refusal to introduce evidence to prove such damages that the court held he could prove was to abandon his case. By so doing the whole case could have been reviewed, and such relief granted plaintiff as he is entitled to, but by pursuing the course he did he is not entitled to an appeal, as only part of the case is before us for decision. O'Neal v. Wills Point Bank, 64 Tex. 644; Caruthers v. Slaughter (Sup.) 2 S. W. 526; Sorrell v. Stone, 60 Tex. Civ. App. 51, 127 S. W. 300.

The court erred in rendering the judgment it did, which is a final judgment, but should have rendered one of dismissal for want of prosecution. Under these circumstances this court will take cognizance of this proceeding and grant the appellant relief from the judgment rendered and reform it so that it will be one of dismissal.

[4] On a former day of this term the appellee presented a motion to dismiss this appeal on the ground of abandonment, which we have discussed above. We overruled that motion, believing a consideration thereof would require a full examination of the rec-

ord, which should be done only when the case was taken up for final consideration. The practice of this court is not to review any question affecting the merits of the controversy upon the motion to dismiss. Elliott's Procedure, §§ 521, 522.

[5] In appellant's argument he claimed that in refusing to introduce proof he announced to the court that all damages which the court said he could prove he would abandon, and would insist only on those which the court overruled. There is no record showing this proceeding, and we can only adhere to the record, which shows that counsel refused to offer any evidence to substantiate any claim for damages. Nothing was left for the court to do but dismiss the case.

The judgment is reformed so as to be one of dismissal, and as reformed it will be affirmed.