LEWIS et al. v. ERIE R. CO. et al.

(District Court, M. D. Pennsylvania. March Term, 1919.)

No. 1048.

1. REMOVAL OF CAUSES ⬡➡84—NOTICE OF FILING PETITION.
Presentation to the state court of a petition and bond for removal, in the presence of plaintiff's counsel, who accepted service of a rule to show cause, and appeared to the rule, filed an answer, and was heard, *held* sufficient notice under Judicial Code, § 29 (Comp. St. § 1011).

2. REMOVAL OF CAUSES ⬡➡92—TIME FOR FILING RECORD.
The requirement of Judicial Code, § 29 (Comp. St. § 1011), that a removing defendant shall file a certified copy of the record in the federal court within 30 days from the date of filing the petition, presupposes that the state court will act upon the petition within that time, and, where it does not, filing of the record within 30 days thereafter is sufficient.

At Law. Action by Henry A. Lewis and Laura F. Lewis against the Erie Railroad Company and the Delaware & Hudson Company. On motion to remand to state court. Denied.

D. T. Brewster and Denny & Gardner, all of Montrose, Pa., for plaintiffs.

Paul Bedford, of Wilkes-Barre, Pa., L. E. Carr, of Albany, N. Y., and Wm. A. Skinner, of Susquehanna, Pa., for defendants.

WITMER, District Judge. Some of the matters here presented were considered by Judge Smith in passing on the petition for removal from the state court. The conclusions reached, appearing from his opinion filed, have my affirmance, and further discussion here seems needless.

[1] The only matter of importance passed by for decision in this court has to do with the sufficiency of notice given by petitioners in moving for removal. The usual petition, with the required bond, was presented to court in the presence of counsel for plaintiffs, and out of abundance of caution the court entered a rule to show cause why the prayer of the petition should not be allowed, returnable at a time subsequent. Counsel accepted service of the rule. Is this a sufficient compliance with the statute (Judicial Code [Act March 3, 1911, c. 231] § 29, 36 Stat. 1095 [Comp. St. § 1011]), providing for written notice prior to the filing of the petition and bond in the removal of causes from state to federal courts?

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We think it is. The plaintiffs were advised in writing of defendants' endeavor. Their counsel was in court, and defendants' petition and bond were before him. Ample opportunity was afforded to be heard before the court accepted the petition and bond and directed the removal. The record shows that plaintiffs appeared to the rule, filed an answer and were heard. What more could they expect from a more literal compliance of the statute, if that were possible? They were afforded a hearing and careful consideration of their objections to the attempted removal. While the recited provision of the statute is imperative, it is not intended to operate as a hindrance or obstacle in the way of those seeking to avail themselves of the provisions of the statute. Its aim and purpose is to give the opposing party full and timely notice of the attempt to remove a suit brought, possibly to afford such an opportunity for hearing before the court accepts the petition and bond tendered. When this is done, all has been accomplished that was intended. Accordingly it was held that notice is unnecessary, where the motion was made upon dismissal as to resident defendant while all parties were in court (Byrne's Adm'r v. Chesapeake & O. R. Co. [1913] 151 Ky. 553, 152 S. W. 538; where copy of the petition for removal was furnished counsel of record in the state court before the same was filed and notice was satisfactory to that court, the court to which the case was removed held it to be a sufficient compliance. Chase v. Erhardt [D. C.] 198 Fed. 305); and if, as stated in Cropsey v. Sun Printing & Publishing Ass'n [D. C.] 215 Fed. 132, "the main, if not the only, purpose of the statutory requirement as to notice is that the plaintiff be seasonably advised of the defendant's intention to remove the cause," this was accomplished by submitting to their attorney the petition and bond, recognized by him as shown in the acceptance of service of the rule to show cause thereon endorsed. The formal notice, consisting of the petition and bond, and the rule fixing the time when the same would be taken up for action by the court, furnished the most substantial form of written notice to plaintiffs of the defendants' intention to remove the cause and constitutes, both in letter and spirit, compliance with the provisions of the act.

That the petitions for removal were filed within the time provided by statute is not doubted. The summons was returnable December 5th. One of the defendants filed its petition a few days before and the other several days thereafter. Both petitions were filed before the defendants were required by the laws of the state, or the rules of the court, in which suit was brought, to answer or plead to the plaintiffs' declaration or statement.

[2] Plaintiffs' contention that certified copy of the record in this suit was not filed within 30 days from the date of the filing of the petitions in compliance with the requirements of the provisions of the act must also be denied. It is true that such certified record was not filed within 30 days from the filing of the petitions; however, the provisions requiring that certified copy of the record be filed within 30 days from the date of the filing of the petitions imply, no doubt, acceptance of such petitions and action thereon by the court, otherwise the clerk would be without authority to certify the record, if de-

manded by the removing parties. Petitions in this case, though filed early in December, were not accepted by the court ordering the removal until January 27th. The record having been filed in the United States court February 15th, following, was easily within the 30 days provided for filing.

The case here presented, as appears from the pleadings, is clearly within the jurisdiction of the United States court, and the allegations of the defendants' petitions regarding the citizenship of the plaintiffs not being denied, it must be assumed that they are citizens of Pennsylvania, as well as residents, as alleged by them in their statement of claim filed.

The motion to remand is accordingly denied.