## LEE v. CONTINENTAL INS. CO. SAME v. AMERICAN EAGLE FIRE INS. CO. SAME v. CONNECTICUT FIRE INS. CO.

(District Court, E. D. Kentucky. August 11, 1923.)

Nos. 970–972.

1. **Removal of causes ⬤79(1)—Filing of petition after adjournment of court on the day defendant was required to plead was too late.**

Where under the state statute (Civ. Code Prac. Ky. § 367a) answer was due on the calling of the docket on the opening day of the term of court, filing of petition and bond after adjournment of court for that day was too late to effect removal, under Judicial Code, § 29 (Comp. St. § 1011).

2. **Removal of causes ⬤84—Notice of filing of petition held insufficient.**

A notice served on counsel for a plaintiff, merely stating that on that day defendant would file a petition and bond for removal in the office of the clerk of the state court in which the action was pending, *held* insufficient, under Judicial Code, § 29 (Comp. St. § 1011).

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Removal of causes ⬤⟹89(1)—Filing of petition and bond in office of clerk of state court insufficient to effect removal.**

The mere filing of a petition and bond for removal in the office of the clerk of the state court is not sufficient to effect removal of the cause.

**4. Removal of causes ⬤⟹89(1)—Petition and bond must be filed in and presented to state court.**

Judicial Code, § 29 (Comp. St. § 1011), requires a petition and bond for removal to be filed in the state court in the suit sought to be removed, and they must be presented to that court for its acceptance before removal is effected.

**5. Removal of causes ⬤⟹86(1)—"Petition for removal" defined.**

A petition for removal is a written application, addressed to the state court, to make an order removing the cause to the federal court.

**6. Removal of causes ⬤⟹89(1)—Requirement that state court must "accept" petition for removal means that it must grant it.**

The word "accept," as used in Judicial Code, § 29 (Comp. St. § 1011), providing that it shall be the duty of the state court to accept a petition for removal of a cause to the United States court, means "grant."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accept.]

**7. Removal of causes ⬤⟹84—Notice of filing of petition must state time of presentation to state court.**

The notice to the adverse party, required by Judicial Code, § 29 (Comp. St. § 1011), before the filing of a petition and bond for removal, must state the time when they will be presented to the state court, or the time and place of their presentation to the judge in chambers, since that court is not bound to accept them if the petition does not state grounds for removal, and a purpose of the notice is to give the adverse party opportunity to be heard on that question.

At Law.  Actions by J. A. Lee against the Continental Insurance Company, against the American Eagle Fire Insurance Company, and against the Connecticut Fire Insurance Company.  On motions to remand to state court.  Granted.

John D. Carroll, of Frankfort, Ky., for plaintiff.

Bruce & Bullitt, Joseph S. Laurent, and Wm. A. Minihan, all of Louisville, Ky., for defendants.

COCHRAN, District Judge.  These causes are before me on plaintiff's motions to remand.  I am constrained to sustain them on both grounds which have been urged.

[1] The causes were appearances to the April term, 1923, of the Franklin circuit court.  That term began Monday, April 2d.  The petitions and bonds and notices of purpose to file them, with return thereon showing execution thereof on plaintiff's attorney, were filed in the office of the clerk of the court at about 8 o'clock p. m. on that day, after adjournment of the court.  At defendant's instance, the judge of the court was present when this was done, and then made orders accepting the petitions and bonds and removing the causes to this court, which recited that they were made in open court.  The notices had been executed just shortly before such action was taken, between 7 and 8 o'clock p. m.

The filing of the removal papers came too late.  By section 367a, subds. 4, 9, and 11, of the Kentucky Civil Code of Practice, answers

were due on the call of the docket whilst the court was in session on that date. The requirement of the removal statute is imperative that the removal papers must be filed on or before the time that defendant is required to answer. They were not filed until after court had adjourned. At the very latest, the time for filing them expired upon such adjournment. The fact that default judgments were not taken makes no difference. Kansas City R. Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963. The exact facts as to when and the circumstances under which the removal papers were filed and the orders of removal were made appear from subsequent proceedings had in the state court on a motion to set aside the order of removal. Those subsequent proceedings do not contradict or vary the showing made by the previous proceedings had therein. They are entirely consistent therewith. It is proper, therefore, to consider these subsquent proceedings in arriving at those facts.

[2] Then it seems to me that the notices were insufficient. They were to the effect that the defendants would file petitions and bonds for removal in the office of the clerk of the circuit court on that day, the meaning of which to plaintiff when served was that they would be so filed between the time of service and midnight. There was no statement therein that they would ever be filed in court, or that the court would be applied to for orders of removal. Much less was there any statement as to when such applications would be made. So far as they were concerned it was defendant's purpose to rely on such filing alone to effect a removal.

[3] There has been considerable difference of opinion amongst the lower federal courts on the question as to whether a removal can be effected by the mere filing of removal papers in the clerk's office. The conflicting decisions may be found referred to in Judge McDowell's opinion in the case of Mays v. Newlin (C. C.) 143 Fed. 574, where he held that a removal cannot be so affected. Such I take to be the position of the Supreme Court of the United States, which is controlling. A suit to recover damages for a personal injury was brought in a state court of Minnesota. Removal papers were filed in the office of the clerk of the court. This is all that was done to effect a removal. Thereupon a transcript of the proceedings was filed in the federal court. Default judgment was thereafter rendered in the state court. On appeal to the Supreme Court of the state that judgment was affirmed. Roberts v. Chicago, St. P., M. & O. Ry. Co., 48 Minn. 521, 51 N. W. 478. This judgment was affirmed by the Supreme Court of the United States without opinion. Chicago, etc., R. Co. v. Roberts, 164 U. S. 703, 17 Sup. Ct. 992, 41 L. Ed. 1183. After the default judgment was rendered in the lower state court, and before the disposition of the case in the state Supreme Court, the cause was remanded by the federal court to which it had been removed. Roberts v. Chicago, etc., R. Co. (C. C.) 45 Fed. 433. A writ of error to review the order of remand was dismissed by the Supreme Court for want of jurisdiction. Chicago, etc., R. Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123, 35 L. Ed. 902. The determination of the validity of the default judgment was to no extent affected by the order of remand. In the lower federal court Judge Nelson, in remanding the cause, said:

"The petition should be presented to the state court, and opportunity given that court to act."

The reasoning of Judge Dickinson, of the Minnesota Supreme Court, who delivered the opinion on behalf of that court, and that of Judge McDowell in Mays v. Newlin, seem to me to be convincing on the question as one of principle. In the case of Babbitt v. Clark, 103 U. S. 606, 610 (26 L. Ed. 507), it is said:

"The right to remove a suit from a state court to the Circuit Court of the United States is statutory, and to effect a transfer of jurisdiction all the requirements of the statute must be followed."

[4] The steps that are required to be taken in order to effect such a transfer depend upon a correct interpretation of section 29 of the Judicial Code (Comp. St. § 1011). It provides for at least two steps, to wit; the giving of a notice, and the filing of a petition and bond. The section provides for these two steps in the reverse order—first the filing, and then the giving of the notice. The portion of the section providing for the filing was in the statute before the enactment of the Judicial Code in 1911. That portion providing for the giving of notice was added thereby, and in its interpretation it is important to interpret first the original portion and understand exactly what it provides for. It provides for the filing of the petition and bond "in such suit in such state court." The suit referred to is the suit pending in the state court which is desired to be removed. The phrase is somewhat ambiguous. Do the words "in such state court" qualify the words "in such suit," or the previous word "file"? Those courts which have held that a filing in the clerk's office is sufficient seem to take the former view. The latter view would seem to be the better view. Two things in regard to the filing were intended. The petition and bond were to be filed in the state court, and they were to be filed therein in the suit sought to be removed. This would more clearly appear, had the two sets of words been reversed, so that the phrase would have read "in such state court in such suit." That such is the better view appears from what follows.

[5] I have said that the section provides for at least two steps. There is, at least, ground for claiming that it provides for an additional third step following upon the filing consisting of action on the part of the state court in making an order of removal. Basis for this may be found in the character of the petition for whose filing provision is made. It is a "petition for the removal"; i. e., a written application, addressed to the state court, to make an order removing the cause to the federal court. This contemplates that the state court, upon presentation of such application to it, shall make such an order. That provision is made for such third step is to be gathered further from the second sentence of the section. It is in these words:

"It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit."

[6] This, I take it, means that the state court shall act on the application and grant it by making the order of removal. If such is its meaning, it is expressly provided that the state court shall make the or-

der of removal which the petition contemplates and seeks. If a removal is always effected immediately upon the filing of the petition and bond, without an order of removal, as numerous dicta in opinions of the Supreme Court and lower federal courts state, what power has the state court thereafter to make such an order? What purpose does it serve? Is not its making a vain thing?

That the section provides for the making of an order of removal as a third step in the proceedings to effect a removal does not put it in the power of the state court to prevent or delay a removal. The section imposes on the state court the duty of making the order. If it should fail or refuse to do so; it is the same as if it had made the order. That such is the case is not against the removal being effected by the order, if it is made; and the result is that no removal is effected until the state court has an opportunity to make the order of removal. If it makes the order, then the removal is effected thereby. If it fails or refuses to so do, the removal takes place without it.

Such I take to be the thought of the section. It is equally its thought that, if the order is made, it is then, and not until then, that the transfer takes place. This view of the matter gives effect to all the terms of the section and the right of removal is not hampered. According to it there can be no removal without a presentation of the petition and bond to the court. If such presentation is made and an order of removal is entered, the removal takes effect upon the entry of such order and by virtue thereof. If upon such a presentation the court fails or refuses to make the order, the removal takes effect at once without such order.

The question has arisen whether a presentation of the petition and bond to the judge of the court in chambers is sufficient to effect a removal. In the case of Remington v. Central Pac. Ry. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959, it was held that it is. Possibly, on principle, the question may depend on whether the judge can act as to such a matter in chambers, and, if so, whether his action therein is that of the court. One must always keep in mind the fundamental principle that the right of removal is statutory, and removal cannot be had in any other way than as thus provided. Deficiencies of legislation cannot be supplied by the court. The statute here provides for the filing of the petition and bond in court and the making of an order of removal by the court. It does not provide for the presentation of the petition and bond to the judge, or contemplate any action on his part, except on behalf of the court. This case, however, is an authority to the effect that the mere filing of the removal papers in the clerk's office is not sufficient.

There can therefore be no removal merely by the filing of the petition in the clerk's office. Whether this is sound on principle, as I have undertaken to show, the Supreme Court so held in the Minnesota case, and assumed in the Remington Case, and this is controlling. In view of it the notices were insufficient, in that the information which they gave as to defendant's purposes was limited to filing the petitions and bonds in the clerk's office, which, without more, would not avail to effect a removal. If, however, this is too narrow a view to take of the notices, and they should be construed as meaning that after so filing they

would be presented to the court or its judge for an order of removal, they were still insufficient, in that no statement was made in them as to when the presentation would be made to the court, or as to when and where the presentation would be made to the judge.

[7] This raises the question as to whether it is essential in order to the sufficiency of such a notice that the time when the petition and bond will be presented to the court or time when and place where it will be presented to the judge be given. The defendants contend that it is not, and cite a number of authorities in support of this position. The cases cited are as follows, to wit: Chase v. Erhardt (D. C.) 198 Fed. 305; Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 Fed. 185; Potter v. General Baking Co. (D. C.) 213 Fed. 697; Cropsey v. Sun P. & P. Ass'n (D. C.) 215 Fed. 132; Hinman v. Barrett (D. C.) 244 Fed. 621; Miller v. Southern Bell Telephone Co. (C. C. A.) 279 Fed. 806. The third sentence of section 29, which provides for the notice, is in these words:

"Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

Possibly it may be open to say that there is some slight ambiguity here. What is meant by this? I take it that what is meant is what would have been meant, had the sentence read, "Written notice of the purpose to file said petition and bond shall be given the adverse party or parties prior to filing same." So reading it, there is no express requirement that such definite information shall be given. The question, then, is whether such is the necessary implication. It seems to me that it is.

The view that no such definite information is required belittles this requirement as to notice; and it seems to me that this belittling is the result of a belittling of the state court's connection with the removal proceedings. I have already reached the conclusion that in order to effect a removal there must be at least a presentation of the petition and bond to the court; and, in the very nature of the case, upon such presentation there must be a hearing before it or him. It is true that the statute is imperative in prescribing that it shall be the duty of the state court to accept the petition and bond; i. e., make an order of removal and to proceed no further. But its duty so to do depends upon the question whether the petition presents a case that should be removed. If the petition does not present such a case, it is not its duty so to do. Rather it is its duty not so to do. In the case of Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962, it is said:

"A state court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer. Yulee v. Vose, 99 U. S. 539, 545; Removal Cases, 100 U. S. 457, 474, 25 L. Ed. 356, 600. It is undoubtedly true, as was said in Steamship Co. v. Tugman, 106 U. S. 122, 27 L. Ed. 89, that upon the filing of the petition and bond—the suit being removable under the statute—the jurisdiction of the state court absolutely ceases, and that of the Circuit Court of the United States immediately attaches; but still, as the right of removal is statutory, before a party can avail himself of it, he must show upon the record that his is a case which comes within the provision of the statute. As was said in Ins. Co. v. Pechner, 95 U. S. 183, 185, [24 L. Ed. 427]: 'His petition for removal, when filed, becomes a part of the

record in the cause. It should state facts which, when taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot "proceed further with the suit." Having once acquired jurisdiction, the court may proceed until it has been judicially informed that its power over the cause has been suspended.' The mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the state court in the case ends and that of the Circuit Court begins."

What, then, was the purpose of this new requirement that the removing party shall, before the filing of the petition and bond, give notice to the adverse party of his purpose to file them? I can conceive of no other purpose that will account for it than that of affording him an opportunity to be present at the presentation of the petition and bond, and being heard as to the removability of the cause on the papers presented, if such is his desire. He is interested in the matter and has the right to be present. The state court is interested in having him present, so that he may aid it in determining the question before it. The due administration of justice calls for his presence. If a cause is removed that should not have been, that administration may be delayed, possibly seriously affected. There may be objections to removability that can be remedied. If so, the state court is the proper place to remedy them. The federal court should not be bothered with the propriety of amendments. Possibly the propriety of amendments in the federal court may be affected by the fact that the adverse party had an opportunity to point out the defect sought to be remedied in the state court and did not do so.

If, then, such was the sole purpose of the requirement of notice as an additional step in the proceedings to effect a removal, it would seem to follow that it is a necessary implication of such requirement that such definite information be given. Otherwise, no reasonable opportunity will be afforded to the adverse party to appear at the presentation and hearing. Favoring this view is the unanimous decisions of all the federal courts that have had the question before them that the requirement is mandatory and not directory. It has been so held in the following cases, to wit: Goins v. So. Pac. Ry. Co. (D. C.) 198 Fed. 432; United States v. Sessions, 205 Fed. 502, 123 C. C. A. 570; Loland v. Northwest Stevedore Co. (D. C.) 209 Fed. 626; Wanner v. Bissinger & Co. (D. C.) 210 Fed. 96; Arthur v. Maryland Casualty Co. (D. C.) 216 Fed. 386; In re Vadner (D. C.) 259 Fed. 627. The decision in United States v. Sessions was by the appellate court of this circuit. It was there said:

"The provision is either mandatory or inoperative. There is no middle course. The mandate must be carried into effect or be practically destroyed."

As to the purpose of the provision, in the case of Goins v. Southern Pacific Ry. Co. it is said:

"But I do not deem it at all needful to ascribe to Congress the intention to bring about a change in the established procedure so fundamental as that suggested, in order that we may perceive a sufficiently valuable purpose to be subserved by the requirement. The right of removal is justly regarded as

one of great moment to the suitor, and its exercise not infrequently involves important changes in the aspects, if not the results, of the controversy; and the history of many cases involving the right tends to disclose the great desirability, if not the necessity, in order to fully protect the rights of the adverse party, by avoiding expensive and unseemly delays and other inconveniences of a more or less serious nature that some notice of the proceeding be had. Appreciating this, courts in some instances have undertaken to supply the omission by a rule requiring notice (Chiatovich v. Hanchett [C. C.] 78 Fed. 193; Creagh v. Equitable, etc., Soc. [C. C.] 83 Fed. 849); and while they have eventually been compelled to hold that, no notice being required by the statute, none could be insisted upon as essential to the exercise of the right, no court has undertaken to belittle the value of such a provision in the law. The matter of surprise is therefore, in view of the importance of the right, not that Congress should now have seen fit to make the requirement, but that it should not have earlier perceived the propriety of so doing. Without the effect of materially changing the method of procedure, it will tend to protect the parties and the courts as well, not alone against mistakes and delays in proceedings genuinely instituted, but against unwarranted and frivolous attempts to exercise the privilege in instances where no real right exists. And, speaking in a general way, I entertain little doubt that it was for reasons such as indicated in the class of cases referred to that the requirement of notice has been prescribed."

In the case of Loland v. Northwest Stevedore Co. it is said:

"This notice is a matter of substance; and, since the right of removal is statutory, all the requirements of the statute must be followed in order to effect the transfer. A prior written notice is therefore an essential step in the proceedings. The purpose of the statute is that the adverse party shall be advised of the intention to file such petition and bond in order that he may have an opportunity to appear in the state court and resist the removal if he so desires."

In line with these statements as to purpose it is said in the case of La Belle Box Co. v. Stricklin, 218 Fed. 534, 134 C. C. A. 262, by the appellate court of this circuit, to wit:

"It is not without significance that the Code (section 29 [Comp. St. 1913, § 1011]) now requires notice of the removal proceedings, and we have thought this implied a right to be heard to some extent and so was vital."

In the case of Lewis v. Erie R. Co. (D. C.) 257 Fed. 868, there was no formal written notice given, but the petition and bond were presented to the state court in the presence of counsel for plaintiffs, and out of abundant caution the court entered a rule to show cause why the prayer of the petition should not be allowed returnable at a time subsequent, service of which counsel accepted. This was held to be sufficient. It was said:

"The plaintiffs were advised in writing of defendants' endeavor. Their counsel was in court, and defendants' petition and bond were before him. Ample opportunity was afforded to be heard before the court accepted the petition and bond and directed the removal. The record shows that plaintiffs appeared to the rule, filed an answer, and were heard. What more could they expect from a more literal compliance of the statute, if that were possible? They were afforded a hearing and careful consideration of their objections to the attempted removal. While the recited provision of the statute is imperative, it is not intended to operate as a hindrance or obstacle in the way of those seeking to avail themselves of the provisions of the statute. Its aim and purpose is to give the opposing party full and timely notice of the attempt to remove a suit brought, possibly to afford such opportunity for hearing before the court accepts the petition, and bond tendered. When this

is done, all has been accomplished that was intended. * * * The formal notice, consisting of the petition and bond, and the rule fixing the time when the same would be taken up for action by the court, furnished the most substantial form of written notice to plaintiffs of the defendants' intention to remove the cause and constitutes, both in letter and spirit, compliance with the provisions of the act."

How far the cases cited by defendant support their position that no such particularity is required may possibly be open to question. It is certain that most of them seem to favor it, and their reasoning is in that direction. In each case a motion to remand was overruled. What is said in Chase v. Erhardt is so meager that no further reference need be made thereto. In Hansford v. Stone-Ordean Wells Co. the notice was that defendant would on its date file in the state court the petition and bond, copies of which were served therewith. In Potter v. General Baking Co. the notice was that the defendant was about to file the petition and bond in the state court, and that they would be presented to a justice of that court for action thereon immediately. In Cropsey v. Sun Printing & Publishing Ass'n the notice was given March 28, 1914, and was that petition and bond would be filed "on or before the 2d day of April, 1914." They were filed on March 30, 1914. In Hinman v. Barrett the notice was that on a certain date immediately after its service the defendant would file petition and bond in the clerk's office and at the same time apply for the approval of the bond. It did not state "when or where he would apply or to what judge." It was said therein:

"And a notice of intention to file a petition and bond for removal of a cause is sufficient though it does not specify the time and place when it is to be presented."

The four previous decisions hereinbefore referred to were cited in support of this proposition. As I read the opinion in Miller v. Southern Bell Telephone & Telegraph Co., there is nothing in that case supporting the defendant's petition. The case seems to be sui generis. There a distinction was drawn between the filing of the removal papers and their presentation to the court and an application for removal based thereon, and it was taken that it was of the former and not of the latter that written notice was required to be given. There notice had been given of the filing an hour or two beforehand. At the time of filing the defendant gave notice in accordance with the requirement of the state law of a motion to remove the cause. As to what followed it is said:

"Upon hearing the motion was granted, for reasons stated in a well-considered opinion, and the cause removed accordingly."

The ground of the motion to remand was the shortness of the notice of the filing. In affirming the action of the lower court overruling the motion to remand it is said:

"Formerly no notice of filing the petition and bond was necessary, and a cause might be removed without the plaintiff's knowledge. The object of the amendment, as we conceive, was not to give opportunity to opposing the filing, 'which no statute contemplates, but rather and merely to inform the adverse party or parties' that the right of removal will be exercised, and this object is accomplished by literal compliance with the provision; that is,

by notice at any time, however short, before the actual filing. * * * To hold otherwise is to lose sight of the distinction between notice of filing the petition and bond, and notice of application for an order of removal. In this case the latter notice was given in full accordance as to time, and in other respects with the Code of South Carolina, and plaintiff cannot justly complain because the notice of filing was not served until just before the fact. This view harmonizes all parts of section 29 and gives consistency to the whole scheme of removal procedure."

I am proceeding in this opinion upon the idea that the filing of the removal papers in the state court called for by the section is the same as the presentation of same to that court and the application to it for an order of removal. The decisions, then, which can be relied on as supporting defendant's position, are those in the cases of Hansford v. Stone-Ordean-Wells Co., Potter v. General Baking Co., Cropsey v. Southern Printing & Publishing Co., and Hinman v. Barrett. In these opinions not much value is attached to the requirement of notice, and some uncertainty is revealed as to its purpose. The connection of the state court with the removal proceedings is looked upon as purely formal and perfunctory. In Hansford v. Stone-Ordean-Wells Co. it is said:

"Whatever the purpose of notice, the Removal Act seems to require no more. The statutory notice would seem calculated to serve no purpose but to advise the plaintiff that the suit and all future proceedings therein are about to be transferred to another tribunal, to submit to his scrutiny the sufficiency of the petition and bond, and to enable him to speed proceedings if the defendant delays therein; for, since the mere filing in the state court of a sufficient petition and bond divests the jurisdiction of the state court and vests jurisdiction in the federal court, there is no hearing necessary in and no order necessary by the state court. Comity, however, dictates both a request for and a grant of the latter."

In connection with this last sentence there may be quoted from the case of Frazier v. Hines (D. C.) 260 Fed. 874, 876:

"The requirement of the submission of the matter to the state court for an order of removal before any action is taken by this court is a mere matter of comity or courtesy, and not a matter of right."

In the case of Potter v. General Baking Co. it is said:

"It is contended that the purpose of the provision is that the adverse party shall be advised of the intention to file such a petition and bond, in order that he may have an opportunity to appear in the state court and resist the removal, if he so desires. * * * It is argued that, as the notice is to be given prior to the filing, this contemplates a hearing, and therefore a reasonable opportunity to prepare for attendance at the hearing. This, however, is merely inference, * * * and would work a considerable change from the former practice. Such change is not to be inferred unless clearly manifest. Judicial Code, § 294. Ordinarily the sufficiency in point of form of the petition and the sufficiency of the bond for removal have been matters upon which a hearing before the state court has not been required, and it is not necessary to infer, from the provision for 'written notice of such petition and bond prior to the filing,' that notice is also required of the time of presentation of the petition and bond to the judge for the entry of an order for removal. It was doubtless the purpose of the amendment to give the adverse party prompt notice of the exercise of the right of removal, and it does not seem clear that the provision had any other purpose."

In Cropsey v. Sun Printing & Publishing Ass'n it is said:

"The plaintiff does not disclose, and it is not apparent, what better purpose would have been served, or what greater advantage he would have gained, had the notice stated the exact time when such petition and bond were to be filed. If, as suggested, the legislative purpose was to 'give the adverse party an opportunity to be heard as to whether the petition and bond were "requisite,"' that opportunity was as available to the plaintiff by the notice given as if the exact time when such petition and bond were to be filed had been stated."

The opportunity here referred to I take to be is that afforded in the federal court after removal; for, after referring to the fact that the final and ultimate determination of the transfer of jurisdiction is for the federal court, it is said:

"Any objection that the plaintiff could have made to the papers while in the state court he can make here. She has therefore lost no opportunity 'to be heard as to whether the petition and bond were "requisite."' She can make such objections here, and here only they may finally be determined, regardless of any disposition the state court might make in the premises."

Then as to the real purpose of the provision it is said:

"The main, if not the only, purpose of the statutory requirement as to notice, is that the plaintiff be seasonably advised of the defendant's intention to remove the cause."

In the case of Hinman v. Barrett the matter is not reasoned out. The decision is based on the authority of the previous decisions favoring that position.

It is thus seen that in these decisions some difficulty is manifested in reaching a conclusion as to the purpose of the requirement of notice. That it was that the adverse party might have an opportunity to be heard in the state court on the question as to the right of removal seems to be denied, and that for two reasons: He has an opportunity to be heard in regard thereto in the federal court. He has no right to be so heard in the state court. In this connection may be considered this statement in the case of Gopcevic v. California Packing Corporation (D. C.) 272 Fed. 994, 998, to wit:

"The failure of plaintiff to appear in the state court and interpose his objection there did not waive his rights in the premises. A motion to remand is the proper and usual method of testing the sufficiency and regularity of removal proceedings. Indeed, had plaintiff appeared in the state court in response to the notice of intended removal, that court would not have been bound to recognize him, since objections to the formality of removal proceedings are usually for the federal court."

As to what was the purpose of the requirement it is said that it was to give the adverse party "prompt notice of the exercise of the right of removal," or that he might be "seasonably advised of the defendant's intention to remove the cause." But against this is the requirement that the notice shall be given before hand. I would submit that the adverse party has a right to be heard in the state court as to whether the cause should be removed. He is a party in interest, and why should he not have a right to be heard? There is no absolute duty on the part of the state court to make an order of removal. It is its duty so to do if a case is made by the removal papers. If it is not, such is not its duty. As to whether a case is presented calling for removal necessitates

the exercise of judgment on the part of the state court. The adverse party has not only a right to be heard as to this, but the court may desire his help. Of course, in view of the fact that it is the judgment of the federal court that is final and binding on the question, the order of removal should be always made, unless it is clear that no right of removal exists. In Gopcevic v. California Packing Corporation, supra, the matter is put thus:

"It is only where the lack of showing is so wanting in substantive merit as to clearly disclose on the face of the application that the order should not be granted that a state court is at liberty to deny it."

Then exception may be taken to this statement in the case of Hansford v. Stone-Ordean-Wells Co. that "comity dictates that a request" for a hearing in the state court and a "grant" of an order of removal, and to that in the case of Frazier v. Hines that the requirement of the submission of the matter to the state court for an order of removal is a "mere matter of comity or courtesy, and not a matter of right." As I view it, such is not the case. It is a matter, not of comity or courtesy, but a matter of statutory requirement, and hence of right. The only provision which Congress has seen fit to make for the removal of a cause from a state court calls for an application to the state court for an order of removal. Hence it cannot otherwise be had. Comity or courtesy may be behind the statute, but it is the statute, and not comity or courtesy, which is the immediate cause of such an application having to be made.

Such, then, is the reasoning upon which I feel constrained to sustain the motions to remand, and orders to that effect will be entered.