FORD et ux. v. ROXANA PETROLEUM CORPORATION et al.

District Court, N. D. Texas, Wichita Falls Division. April 10, 1929.

Carrigan, Britain, Morgan & King and H. R. Wilson, all of Wichita Falls, Tex., for the motion.

Koerner, Fahey & Young, of St. Louis, Mo., opposed.

ATWELL, District Judge. The Roxana Petroleum Corporation is the assignee of mineral leases from H. M. Ford and wife to 640 acres of land in Young county, Tex. It transferred certain portions thereof to Atkinson & Sandefer. One of such transfers was a triangle shaped tract south and east of a railroad which cater-cornered through the Ford survey; another tract contained 60 acres in what is known as the northeast corner of the south 160 acres of the north 320 acres; another is a 20-acre tract in the north-west corner of the south 160 acres of the north 320 acres. After the institution of this suit, it made further assignments to the same partnership of a number of producing wells that it had drilled on the west side of the north 160 acres. This last transfer retained ownership in the deep sands. In the other transfers it retained an overriding royalty. Upon the entire 640-acre tract seventeen or eighteen wells were sunk. Sixteen of these wells were on the north 320 acres. Two of these wells were on the north part of the south 320 acres. The development shown by the map upon contiguous tracts at least leaves the impression that there was no oil on the south 320 acres, except the extreme north part thereof. On the northeast part of the north 160 acres no wells were drilled. A well was started close to the plaintiffs' home which was on the southern part of the north 160 acres, known as well 13, but was not finished. Because of the discontinuance of this well and the failure to drill more wells on the untouched portion of the north 160 acres, Ford brought this suit in the state court for $500,000 damages and for a cancellation of the lease, shaping his action to conform to the Texas system, which allows the joinder of all parties who claim any sort of an interest in the tract of land involved, Lomax v. Foster Lumber Co. (C. C. A.) 174 F. 959, against the Roxana Petroleum Company, Atkinson & Sandefer and several other defendants who owned royalties in different parts of the survey.

Seasonable application was made to remove to the national court, and a motion to remand was granted. While there were some changes in the parties, such additions are immaterial to the question now being considered, and the case went to trial in the state court. After a trial which lasted about ten days, the court submitted it upon special issues to the jury. These issues indicated that the court did not consider that the testimony justified the submission of any issue except as it related to the Roxana Petroleum Corporation, save and except one issue, which doubtless had reference to a cancellation of the leases upon the entire 640-acre tract. The jury was unable to agree. Twenty-one questions were asked them, and they answered very few of them, and were unable to answer the remainder, and a mistrial was entered on October 3, 1928. A petition for removal was filed on November 15, 1928, by the Roxana Corporation, setting out the action of the state court, and alleging that the defendants, Atkinson, Sandefer, Goggans, Allison, Kane, and Atkinson & Sandefer Oil Corpora-

tion had been joined for the sole purpose of preventing removal, and in fraud of the jurisdiction of the United States court.

This motion to remand followed.

While an examination of the record of the testimony in the state court, which covers approximately 750 pages, does not disclose a very active interest in any defendant, except the Roxana Petroleum Corporation, there is evidence disclosed by the assignments and by the verbal testimony which ties the other defendants into the case in such a way as to, at least, make it fairly debatable to a careful pleader as to whether there may safely be such a separation of the cause as to leave the Roxana Corporation as the sole defendant so far as the north 160 acres are concerned. That the court indicated by the questions asked the jury that he was interested in having facts upon which to base a judgment against that corporation alone may not, for removal purposes, be advantaged by that corporation. But, without holding either one way or the other upon the separable controversy suggested, the case must be remanded because of the failure of the Roxana corporation to promptly—immediately—seek removal.

When removability is not disclosed on the face of the pleadings, the nonresident defendant may remove the instant that such removability appears. The voluntary dismissal of local defendants is quite different to a dismissal by the court; voluntary dismissal authorizing instant removal, involuntary dismissal affording no such right, Henly et al. v. Community Natural Gas Co. et al. (D. C.) 24 F.(2d) 252; Powers v. C. & O., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Great Northern R. Co. v. Alexander, 246 U. S. 281, 38 S. Ct. 237, 62 L. Ed. 713.

The learned counsel for the defendant contends that the Texas rule that a party failing to offer evidence to sustain a plea is held to have voluntarily abandoned the same, Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031; Beckham v. Munger Oil & Cotton Co. (Tex. Civ. App.) 209 S. W. 186; T. & N. O. v. Hook, 30 Tex. Civ. App. 325, 70 S. W. 233; G. H. & S. Ry. Co. v. Schlather (Tex. Civ. App.) 78 S. W. 953; Sorrell v. Stone, 60 Tex. Civ. App. 51, 127 S. W. 300, works the same effect in law that a voluntary dismissal would. If this be conceded, it was the duty of the defendant immediately at the conclusion of the testimony exhibiting this failure to ask the court to suspend the trial in order that it might have time to prepare a bond and application for removal. When it failed to do this, it willingly invoked the further jurisdiction of the state tribunal, and sought victory at the hands of the jury of that tribunal.

The case of Yulee v. Vose, 99 U. S. 539, 25 L. Ed. 355, is not an authority to the contrary. In that case the trial court dismissed all of the local defendants. That judgment was affirmed. As soon as the mandate of the final court came to the trial court, the remaining defendant, who was nonresident, filed for removal. The language of the Supreme Court approving this procedure is in harmony with what I have already said. "This action of the Court of Appeals separated the controversy in which Yulee was alone concerned as defendant from the rest of the case, and put him for the first time in a condition to invoke the aid of the act of 1866." A judgment by the trial court on resident defendants might not be accepted by them, and their right of appeal would be to the state supervising court. If removal could be had at that stage and under that condition, the case would be divided, which is not permissible.

The authorities are a unit upon the proposition that, when a petition states a cause of action against both resident and nonresident defendants, the case can be removed on the trial in the state court when it appears that such joinder is fraudulent. See, also, Illinois Central R. Co. v. Coley, 121 Ky. 385, 89 S. W. 234, 1 L. R. A. (N. S.) 370; White's Administrator v. Chicago, St. Louis & N. O. (Ky.) 96 S. W. 911; Richardson v. Southern Idaho Water Co. (D. C.) 209 F. 949; Burt v. M. P. Ry. Co. (D. C.) 294 F. 911; Erskine Motors Co. v. Chevrolet, 180 N. C. 619, 105 S. E. 420; King v. Beaumont (D. C.) 296 F. 531; Cella v. Brown (C. C. A.) 144 F. 742; Lucas v. Milliken (C. C.) 139 F. 816; Prince v. Illinois Central (C. C.) 98 F. 1; Dudley v. Illinois Central, 127 Ky. 221, 96 S. W. 835, 13 L. R. A. (N. S.) 1186, 128 Am. St. Rep. 335; Clinger's Administratrix v. C. & O. Ry., 128 Ky. 736, 109 S. W. 315, 15 L. R. A. (N. S.) 998; Haynes' Administrators v. Cincinnati, etc., Ry. Co., 145 Ky. 209, 140 S. W. 176, Ann. Cas. 1913B, 719; Byrne's Administrator v. C. & O. Ry. Co., 151 Ky. 553, 152 S. W. 538; Landers v. Cincinnati, etc., Ry. Co., 156 Ky. 301, 160 S. W. 1050.

But the question of delay seems to be a controlling one. Morgan's L. & T. Ry. Co. v. Street, 57 Tex. Civ. App. 194, 122 S. W. 270, affirmed 217 U. S. 599, 30 S. Ct. 696, 54 L. Ed. 897.

This may not be overturned by the courtesy of counsel. The dislike to interrupt a

trial for the purpose of applying for a removal does not successfully attack the rule.

The books do not disclose a case exactly like the one at bar, but the principles which have been worked out in other cases clearly mark the procedure, and, even though it may appear that it would be less irritating to file the motion after a mistrial has been ordered than to present it at the conclusion of the testimony, an exception to the general rule is not authorized. The principle involved is the prevention of delay and the command against the invoking of a jurisdiction and the subsequent attempt to repudiate it. Had the motion to remove been made within this limit, the case would have either been tried at the fall term of the national court, or at one of the two succeeding terms of the state court, which have intervened between October 4, 1928, and the time of the presentment of this motion. A practical demonstration of delay.

The motion to remand is sustained.