BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. THE UNITED STATES NAT. BANK OF LOS ANGELES et al.

No. 103.

District Court, S. D. California, Central Division.

May 17, 1933.

Freston & Files, of Los Angeles, Cal. (Clarence M. Hanson, of Los Angeles, Cal., of counsel), for plaintiff.

Farrand & Slosson, of Los Angeles, Cal. (R. C. Fisher, of Los Angeles, Cal., of counsel), for defendants.

COSGRAVE, District Judge.

This action is to establish a trust on behalf of plaintiff in certain of the assets of the United States National Bank of Los Angeles. The complaint was originally filed against the bank and H. F. Schilling as receiver thereof; the bank having closed its doors and defendant Schilling having been appointed receiver by the Comptroller of the Currency.

The complaint was filed in the state court on November 23, 1932. On December 8, 1932, at 10:08 a. m. the receiver filed in the office of the county clerk his petition for removal, together with the required bond. On the same day at 1:50 p. m. there was filed in the office of the county clerk notice of the petition for removal. It is agreed by the parties that notice of the petition and of the bond for removal was not given to the plaintiff before the petition and bond were filed, but was given a few hours afterwards and on the same day. After the petition and bond for removal had been filed in the state court and notice served on plaintiff, but before the hearing of the motion for removal, plaintiff dismissed as against defendant Schilling, the receiver. At the hearing in the state court, the petition for removal was denied, and a stipulation was entered into and filed in the state court after the denial of the motion by which defendants were given additional time in which to answer. The defendants on December 22d filed a certified copy of the record in the District Court, filing an answer on behalf of both defendants at the same time. Motion is now made by plaintiff to remand to the state court.

Contention is made by plaintiff that, by agreeing to the stipulation in the state court, by which time was given in which to answer after denial of the motion for removal, defendants waived their right to removal; further that the dismissal of the case as against the receiver waived their right to remove the case, and on the further ground that, because notice of the petition and bond for removal was not given before the same was filed, but afterwards, the proceeding was not effectual to remove the case to the District Court.

Judicial Code § 24 (16) (28 USC § 41, subd. 16), 28 USCA § 41 (16), provides that: "The district courts shall have original jurisdiction * * * of * * * cases for winding up the affairs of any such [national banking association] bank." Counsel for plaintiff concede, although denying the correctness of that view, that under the decisions the case here presented is one for winding up the affairs of a national bank within the meaning of the statute quoted. Section 28 of the same Code (28 USC § 71 [28 USCA § 71]) provides that: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant * * * therein to the district court of the United States for the proper district." Such right of removal exists regardless of citizenship or amount involved.

The complaint alleges the closing the doors of the bank and the appointment of the receiver by order of the Comptroller of the Currency. An action to establish priority to the right of the assets of the bank in the hands of the receiver it seems to me is peculiarly an action for winding up the affairs

of the bank, and by the express provision of the statute the District Court is given original jurisdiction of the case. This is conceded by plaintiff. In this respect the action differs from that class of cases where the plaintiff seeks merely a money judgment against the bank without seeking a preferred right to its assets as in Denton v. Baker (C. C. A.) 79 F. 189. The receiver is a necessary party, since the decree sought must operate upon him personally, in that the court is asked that the amount of the claim be declared held in trust, and that the receiver be directed to deliver the same to the plaintiff.

█ The jurisdiction of the District Court attached as soon as sufficient petition for removal and bond were duly filed. Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354; Home Life Insurance Company v. Dunn, 19 Wall. 214, 22 L. Ed. 68.

█ The filing of the stipulation in the state court after denial of the motion to remove is not a waiver of such right. The defendant might even contest the case on the merits without waiver. New Orleans, M. & T. R. Co. v. Mississippi, 102 U. S. 135, 26 L. Ed. 96; Kern v. Huidekoper, supra; Home Life Insurance Company v. Dunn, supra.

The foregoing views assume the regularity of the proceedings for removal. In this respect the statute provides, Judicial Code § 29, 28 USC § 72 (28 USCA § 72) that: "Whenever any party entitled to remove any suit mentioned in section 71 [Judicial Code § 28] * * * may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition * * * for the removal of such suit * * * and shall make and file therewith a bond. * * * Written notice of said petition and bond for removal shall be given the adverse party * * * prior to filing the same." Judicial Code § 29, 28 USC § 72 (28 USCA § 72).

It is undisputed that the petition and bond were filed in the morning and notice was not given until the afternoon. Plaintiff contends that this was fatal to the proceeding, as the statute requires that notice be given the adverse parties prior to the filing of petition and bond. The reason for this requirement is not readily apparent. The notice was given, and counsel for plaintiff appeared at the hearing and opposed the motion. All results that would flow from the order of service as prescribed by statute were apparently obtained; that is, knowledge of the proceedings and opportunity to oppose the same.

█ The purpose of the notice is to give an opportunity to the plaintiff to be present when the petition is presented so that he may resist it. This is quite uniformly pointed out in the cases where the subject is discussed as in Lee v. Continental Insurance Co. (D. C.) 292 F. 408, 414, and cases there cited. A case similar in its essentials is Lewis v. Erie R. Co. (D. C.) 257 F. 868, where no formal notice was given, but the petition and bond were presented in the presence of counsel for plaintiff. A rule was entered to show cause at a fixed time why it should not be granted. The court says: "The record shows that plaintiffs appeared to the rule, filed an answer and were heard. What more could they expect from a more literal compliance of the statute, if that were possible? They were afforded a hearing and careful consideration of their objections to the attempted removal." Lewis v. Erie R. Co. (D. C.) 257 F. 869.

The observation of Judge Caffey in Kueck v. Northwestern Mutual Life Insurance Co., in the District Court, Southern District of New York, reported in 2 F. Supp. 400, 401, fits the case at bar. The court says: "I think that consideration of the statute as a whole indicates that the requirement as to the exact time of service of notice is directory, and that it is not jurisdictional. The giving of notice is undoubtedly essential. The statutory provision must undoubtedly be substantially lived up to. Where, however, as here, the adverse party has suffered no injury, there was at most an unsubstantial variance (due possibly to miscalculation of mail deliveries or to some similar unanticipated exigency), the object of affording notice was fully complied with, and the plaintiff refrained from appearing in the state court to resist removal, there is not only no duty on the part of this court, but it is without authority to send the case back to the state court. To hold otherwise, I believe, would do violence to a common-sense application of the law."

█ I think therefore that the sequence of the two acts, that is, the filing of the petition and bond in the state court and the giving of notice of the same to the plaintiff in the action, is unimportant, and the statutory direction respecting the same is directory rather than mandatory, and that the objection urged is not well founded.

█ This is a case where the District Court has jurisdiction, not because of diversity of citizenship or amount involved, but by express provision of the statute. The right to remove the case seems equally definite.

While the bank and the receiver were both made parties, the cause of action was not separate, but was identical with respect to both. It was the right, as well as the duty, of the receiver to appear on behalf of the bank and in his own behalf and to insist that the case be tried in the District Court. Cyc. Fed. Proc. § 174.

For the reasons given, I think the petition to remand to the state court should be denied, and it is so ordered.