### FRENCH et al. v. UNITED GAS PUBLIC SERVICE CO. et al.

No. 630.

District Court, W. D. Louisiana, Shreveport Division.

May 3, 1935.

Bryan E. Bush, of Shreveport, La., for complainants.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for respondents.

DAWKINS, District Judge.

This cause was removed from the district court of the state for Caddo parish, on the ground of diverse citizenship. Plaintiff has moved to remand it because of the alleged insufficiency of the notice of removal. The main facts are not disputed. Several days before the application was made, one of the attorneys for defendant informed counsel for plaintiff that removal would probably be sought. On Friday, February 22d, the former telephoned the office of the latter to inform him of the purpose to present to the state court the following morning the petition for removal, but was informed by another lawyer who occupied an adjoining office and used the same reception room and telephone that plaintiff's counsel had left for the day. The attorney for defendant testified he informed the other attorney he had an application to remove the case to the federal court but would mail the notice to counsel for the plaintiff. The attorney thus communicated with did not recall that the purpose of the telephone message was mentioned. The written notice was placed in the mail about 5 o'clock on February 22d, but plaintiff's counsel did not go to the office the next morning and it was not actually received until Monday following. The petition for removal was presented to and the order signed by the judge of the state court shortly before motion hour, which begins at 10 o'clock, on Saturday morning, February 23d. Under a rule of the state court, motions and pleas are presented to and filed with the clerk, who puts them on a calendar to be called when court opens. This application was placed on the list and read out at motion hour, at which time counsel for plaintiff was present in court and heard the same but made no objection thereto. He now relies upon the technical point that section 29 of the Judicial Code (28 U.S.C.A. § 72) requires the actual delivery of written notice before filing the petition to remove. The pertinent portion of that section reads: "Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

■ Section 302, volume 2 of the Encyclopedia of Federal Procedure, is cited as supporting the proposition that failure to give actual notice prior to the filing of the petition and bond is fatal. That section states that the "notice provided for must be given. The language is mandatory and imperative and the requirement as to notice is a matter of substance, an essential step in the removal of proceedings, and an unexcused failure to give the required notice is ground for remanding the cause." No decisions in support of this text are referred to. Counsel for defendant have cited Kueck v. Northwestern Mutual Life Insurance Company (D.C.) 2 F.Supp. 400; and Bank of America Nat. Trust & Sav. Ass'n v. United States Bank et al. (D.C.) 3 F.Supp. 990. No decision of an appellate federal court has been cited, but in each of these cases the notice actually reached the counsel for plaintiff after the petition had been filed. It is true that in the latter an appearance and resistance to the removal was made. However, in the present case, counsel was present in court at motion hour when the petition was called for the purpose of affording opportunity for objection. It is contended that the act of the state court was final because the order had actually been signed a few moments before. I do not think as a matter of law this is true but that the order was still under the control of the court according to its rules, and, if improvidently granted, could have been recalled. There is no denial of the right to removal. The matter rests solely upon the contention that actual notice had to be given before the petition was filed.

■ The purpose, I think, of section 29 of the Judicial Code was to cure a condition which had existed prior to its enactment, and which permitted a defendant to remove a case without the knowledge of plaintiff or his counsel without affording an opportunity for a hearing before removal and to permit appearance in the federal court to seek a remand as well as such other proceedings as might be warranted. This sometimes resulted in delays, expiration of terms of court at which action could be taken, etc. My view is that the issue is not jurisdictional and if, as here, the case is unquestionably removable, and the plaintiff has had his opportunity to be heard, the purpose of the law has been served, and his failure to receive the notice before the petition was actually presented cannot serve to require the remanding of the case. The motion will be denied.

Proper decree should be presented.