101 F.Supp. 425 (1951)
WALDRON
v.
SKELLY OIL CO.
Civ. A. No. 7921.
United States District Court E. D. Missouri, E. D.
November 26, 1951.
Llyn Bradford, Rolla, Mo., Jean Paul Bradshaw, of Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., John F. Low, of Fields & Low, Lebanon, Mo., for plaintiff.
Norris H. Allen, of Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, Mo., Breuer & Northern, Rolla, Mo., for defendant.
HARPER, District Judge.
Plaintiff filed an action in the Phelps County Circuit Court against three corporations, two of which, Rolla Uregas Corporation and Uregas Service, Inc., were resident corporations, and one of which, the Skelly Oil Company, was a non-resident corporation. On April 30, 1951, trial was started in the case and the jury was qualified. After the jury had been sworn the attorney for the plaintiff proceeded to make the opening statement to the jury. The first statement made by the attorney was to dismiss as to the two resident corporations. *426 Whereupon, the court said: "Plaintiff dismisses his petition as to Rolla Uregas Corporation and Uregas Service, Inc."
Immediately following the dismissal, the attorney for the two resident corporations entered his appearance as an attorney for the Skelly Oil Company, inasmuch as he had been working with Mr. Allen, the attorney for the Skelly Oil Company. The plaintiff's attorney then proceeded to make his opening statement. During the opening statement Mr. Allen, one of the attorneys for the defendant, ascertained that the Skelly Oil Company was a non-resident corporation, and upon the completion of the opening statement by plaintiff's attorney, stated that during the opening statement he had discovered that his client was a Delaware corporation, and the cause was removable to the Federal Court. He sought permission from the court to be granted an opportunity to do so. The court refused to grant such permission and the trial proceeded. After the trial was completed the attorney for Skelly Oil Company filed a removal petition, and the plaintiff now seeks to remand.
In 1948 Congress rewrote the removal statute, and in 1949 it was further amended. Section 1446(b), 28 U.S.C.A. in part states as follows: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."
The new removal statute was enacted primarily for the purpose of establishing uniformity of procedure with respect to removal and uniformity of time within which removal could be taken. When the plaintiff's attorneys dismissed as to the resident corporations, the action became one which was removable to the Federal Court, and under Section 1446(b) the attorneys for the defendant had twenty days within which to remove the cause of action.
Twenty days had not elapsed before the removal was filed. We must turn to the decisions under the former removal statutes to determine the effect of what happened in the present case, inasmuch as there have been but few decisions since the statutes have been changed, and since the general principle in the old, as well as the new, is the same. The courts have repeatedly held that when a case becomes removable during the process of a trial, the right to remove may be waived by proceeding with the trial without objection, but that if timely objection is made the record is preserved and what happened thereafter does not prevent the removal. In Powers v. Chesapeake & Ohio Railway, 169 U.S. 92, loc.cit. 100, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673, a case where removal was sought during the progress of the trial, the Supreme Court said:
"This provision clearly manifests the intention of congress that the petition for removal should be filed at the earliest possible opportunity. * * *
"The reasonable construction of the act of congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought.
"The result is that, when this plaintiff discontinued his action as against the individual defendants, the case for the first time became such a one as, by the express terms of the statute, the defendant railway company was entitled to remove; and therefore its petition for removal, filed immediately upon such discontinuance, was filed in due time."
The fact that the defendant in the Powers case continued in the defense *427 after his request to remove was denied did not waive the matter
In Morgan's L. & T. R. & S. S. Co. v. Street, 57 Tex.Civ.App. 194, 122 S.W. 270, loc. cit. 272, the plaintiff before the case was submitted to the jury by the charge of the court dismissed as to the resident defendants, and the jury was expressly informed to that effect and directed to consider only the remaining non-resident defendant. The application for removal was filed after the verdict was returned. The removal was denied by the court. The Appellate Court of Texas in passing on this matter, 122 S.W. loc.cit. 272, said: "If defendant's counsel did not know of the dismissal before (discussing the court's charge), they knew it then, or were charged with knowledge of it; for the record shows they were in court, where it was their duty to be. And, as the court was required to read the charge to the jury, it must be presumed it discharged such duty, and that it was heard by defendant's counsel. Then they should have taken the proper steps to have the cause removed. * * * The order was entered in ample time to have enabled the defendant by taking the proper steps to have presented its bond and application for removal before the verdict was returned and the judgment on it rendered. Inasmuch as no such steps were taken, it cannot be truly said that defendant's `option and right to remove continued' after the verdict and judgment; but from that time must be considered waived."
In the case of Ford v. Roxana Petroleum Corp., D.C., 31 F.2d 765, loc. cit. 766, the court said: "When removability is not disclosed on the face of the pleadings, the nonresident defendant may remove the instant that such removability appears. * * * If this be conceded, it was the duty of the defendant immediately at the conclusion of the testimony exhibiting this failure to ask the court to suspend the trial in order that it might have time to prepare a bond and application for removal. When it failed to do this, it willingly invoked the further jurisdiction of the state tribunal, * *."
The court in the Ford case further said, 31 F.2d loc. cit. 767: "The books do not disclose a case exactly like the one at bar, but the principles which have been worked out in other cases clearly mark the procedure, and, even though it may appear that it would be less irritating to file the motion after a mistrial has been ordered than to present it at the conclusion of the testimony, an exception to the general rule is not authorized."
There are many cases which similarly hold that when a cause first becomes removable during the progress of a trial that the party must take immediate steps to remove the case if his right is preserved, and I find none to the contrary. The question here is whether or not the fact that the attorney for the defendant waited until the conclusion of the plaintiff's attorney's statement to the jury to make his request was such participation in the trial that it waived the right of removal.
To answer this question I think we should turn to the effect of the opening statement. The Supreme Court in Best v. District of Columbia, 291 U.S. 411, loc. cit. 415, 54 S.Ct. 487, 489, 78 L.Ed. 882, said: "There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover. The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced."
The Eighth Circuit Court of Appeals in discussing this matter in Illinois Power & Light Corporation v. Hurley, 49 F.2d 681, at page 684, dealing with a Missouri case, said: "It is doubtless within the power of the trial court to direct a verdict on the opening statement of counsel, but this should not be done unless it clearly appears from the plaintiff's opening statement that he cannot recover. The rule is only applicable where the statement clearly shows that no cause of action exists."
said: "Where statements of plaintiff's counsel, in opening his case, amount to admis-
The St. Louis Court of Appeals in the case of Wonderly v. Little & Hays Inv. Co., Mo.App., 184 S.W. 1188, loc. cit. 1189, sions of facts the existence of which precludes *428 a recovery, the court is justified in refusing to permit the case to proceed further", and citing a number of Missouri cases.
Under these decisions we cannot escape the fact that the opening statement is as much a part of the case as the evidence, or for that matter the verdict of the jury. The attorney for the defendant waived the right of removal by permitting the attorney to dismiss as to the resident defendants and then make his opening statement before requesting that the court permit the attorney for the defendant to take steps to have the case removed.
The motion to remand will accordingly be sustained.