**OJB, INC., et al., Plaintiffs,**

v.

**DOWELL, A DIVISION OF the DOW CHEMICAL CO., et al., Defendants.**

**Civ. A. No. CA-6-86-89.**

United States District Court,
N.D. Texas,
San Angelo Division.

Nov. 17, 1986.

Tom C. McCall, Randall Lundy, Britton D. Monts, Lynch, Chappell, Allday & Alsup, Midland, Tex., William S. Mason, Mason & Cameron, Ozona, Tex., for plaintiffs.

James M. O'Leary, Shafer, Gilliland, Davis, McCollum & Ashley, Odessa, Tex., for defendant Jan Brown.

Martin D. Beirne, Mr. Sawnie A. McEntire, Gilpin, Maynard, Parsons, Pohl and Bennett, Kim F. Tyson, Office of Gen. Counsel, The Dow Chemical Co., Houston, Tex., John H. Hofmann, Smith, Carter, Rose, Finley & Hofmann, San Angelo, Tex., Charles Alan Wright, Austin, Tex., for defendant Dowell.

## ORDER

WOODWARD, Chief Judge.

On this date came on to be heard Plaintiffs' Motion for Remand. After considering the pleadings, the oral deposition of Jan Brown, the motion and accompanying brief, and defendants' response and brief opposing the motion, the court is of the opinion that the motion for remand should be denied.

This case was originally filed in the 112th District Court of Crockett County, Texas on September 20, 1983 by OJB, Inc. Defendants are Dowell, a division of the Dow Chemical Co., which is a Delaware corporation with its principal place of business in Michigan; Harold Young, a Texas citizen, and Jan Brown, whose citizenship at the time the suit was commenced is disputed. Both Dowell and Young were properly served and answered in state court. Brown was finally served at his home in Colorado on April 10, 1986. On September 5, 1986, plaintiffs filed a Second Amended Original Petition dropping Young from the action and realleging the same claims against Dowell and Brown. Defendants removed the case to this court October 3, 1986 on the ground that as a result of the voluntary dismissal of the nondiverse defendant, complete diversity existed and the case became removable. Plaintiffs have moved for remand on the ground that removal is improper since complete diversity did not exist both at the commencement of the suit and at the time of removal.

The legal issue in this case is the appropriate date for determining the existence of diversity. The general rule is that when diversity is the basis of jurisdiction, complete diversity must exist both at the

time of filing the original action and at the time of removal. *Aynesworth v. Beech Aircraft Corp.*, 604 F.Supp. 630, 633 (W.D. Tex.1975); 14A C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure*, § 3723 at 312 (2d ed. 1985). The exception to the rule testing diversity at both points applies when a plaintiff voluntarily dismisses the nondiverse defendant. In such cases the plaintiff has created diversity by his voluntary act and is deemed to have relinquished his right to control the choice of forum. The presence of diversity in these cases is determined as of the date of removal. *See Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir.1967); *Aynesworth*, 604 F.Supp. at 633.

Plaintiffs argue that when the suit was commenced in state court Brown was a Texas citizen and that his change of citizenship to Colorado cannot be used to create diversity. Generally, a change of citizenship by either party subsequent to the filing of the suit cannot be used to either create or defeat jurisdiction. *Slaughter v. Toye Brothers Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir.1966). But plaintiffs' argument ignores the procedural posture of this case. The fact is that it was not Brown's change of citizenship alone that created diversity. Plaintiffs knew when the amended petition was filed that Brown had moved to Colorado. Nevertheless plaintiffs made a voluntary decision to amend their pleadings to dismiss a nondiverse defendant. The case only became removable when plaintiffs filed their amended pleading. Because removal is based on the filing of an amended pleading under 28 U.S.C. § 1446(b), the relevant date for determining diversity is the date of the removal petition.

On September 6, 1986 Brown was a citizen of Colorado. He moved with his family to the Denver area in January 1986, bought a home in Littleton, Colorado and maintained an office in Denver. His testimony is clear that he always intended to remain indefinitely in the place where he lived and worked until his company might offer him another transfer. His intent to change citizenship was formed when he accepted the transfer to Denver, *see Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir.), *cert. denied*, 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972), and his change of citizenship was completed when he moved to Colorado in January. Therefore, on the date of removal complete diversity existed between the Texas plaintiffs and the defendants, Brown, a citizen of Colorado, and Dowell, a citizen of Delaware and Michigan.

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for Remand is denied. The parties shall proceed with discovery and preparation for trial of this case on its merits.