**Louis MANCARI, et al., Plaintiffs,**

v.

**AC & S COMPANY, INC., et al., Defendants.**

Civ. A. No. 88–35–JJF.

United States District Court, D. Delaware.

Feb. 17, 1988.

Thomas C. Crumplar and Robert Jacobs of Jacobs & Crumplar, P.A., Wilmington, Del., for plaintiffs.

C. Scott Reese of Cooch and Taylor, Wilmington, Del., and James D. Coleman, David L. Cohen and Bruce H. Bikin of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

FARNAN, District Judge:

This action was commenced in the Superior Court of Delaware in and for New Castle County and was removed to this court on January 27, 1988 by defendant Raymark. In response to the removal petition the plaintiffs have filed a motion to remand.

## FACTS

In 1982, various plaintiffs, all citizens of Delaware, filed this action in Delaware Superior Court against various asbestos man-

ufacturers, some of which were citizens of Delaware. In addition to answering the plaintiffs' complaint, many of the defendants filed crossclaims against each other seeking to transfer or reduce their exposure to liability. In order to efficiently handle the large number of asbestos cases pending in the superior court one judge has been designated to handle all asbestos matters. In that regard, a pre-trial protocol has been established which sets out for the parties and their counsel a process that efficiently deals with the pre-trial matters that arise in these cases. As the cases progress through the protocol, parties tend to settle with the eventual result that there are usually only a few remaining plaintiffs and defendants in each case. However, it is not uncommon for defendants who have settled with plaintiffs to remain in the action as crossclaim defendants. The special attention that has been given asbestos cases by the superior court has absorbed a significant amount of court resources but has been successful in bringing cases to trial sooner than might have been expected.

After proceeding through the pre-trial stages, the instant case was pre-tried and trial was set to commence on January 11, 1988, at which time Raymark was still a defendant along with various other defendants, some of which were citizens of Delaware. After the trial commenced on January 11, 1988, the parties continued to engage in settlement discussions which resulted on January 25, 1988, with the plaintiffs settling with all the defendants but Raymark. Defendant Raymark was notified at approximately 10:30 p.m. on Monday, January 25, 1988, that the plaintiffs had settled with all the other defendants.

On the morning of January 26, the court was advised that the plaintiffs had reached a settlement with all defendants except Raymark and requested that the court inform the jury that those defendants would no longer be in the case because they had resolved their differences by agreement. At that time, Raymark contended that such an instruction to the jury would be prejudicial to Raymark. However, the court acceded to the plaintiffs' request and indicated it would advise the jury of the settlement. Raymark moved for a mistrial which was denied by the court.

When court was reconvened, the trial judge made a statement to the jury concerning the settlement; thereafter, the defendant recalled its expert witness, Clifton Hunt, M.D. who had been on direct examination the previous day. After Dr. Hunt took the stand, Raymark stated that its direct examination of Dr. Hunt was complete and cross-examination by plaintiffs' attorneys and re-direct examination by defense counsel were conducted in due course.

The trial continued through Tuesday, January 26, with the complete participation of counsel for Raymark. At no time did Raymark indicate that it would petition for removal, although Raymark was obviously aware that removal had become possible when it had been advised of the settlement between plaintiffs and the other defendants on the evening of January 25. Trial was scheduled to continue on Wednesday, January 27; however, it was interrupted by Raymark filing its petition for removal in this court. At no time prior to filing its petition had Raymark advised the superior court or plaintiffs that it would seek to end the trial by removing the action.

In support of its motion to remand, the plaintiffs contend that this court does not have jurisdiction because complete diversity does not exist among the remaining parties or, in the alternative, if there is diversity, Raymark waived its right to removal by continuing to participate in the state court trial on Tuesday, January 26 and Wednesday, January 27. Additionally, the plaintiffs seek to have the bond that was posted by the defendant pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.3 increased from $500.00 to $5,000.00.

On its behalf, Raymark argues that when the plaintiffs settled their claims with the other defendants involved in the state court trial the remaining parties were diverse, and the action became removable as a matter of right.

## DISCUSSION

After reviewing the briefs of the parties and having heard oral argument, I con-

clude that jurisdiction does exist in this court by virtue of the fact that there is complete diversity among the parties, but that Raymark waived its right to removal and, therefore, this case must be remanded to the Delaware Superior Court. Since the matter is being remanded, I do not reach the plaintiffs' contentions with regard to the sufficiency of the bond posted by Raymark.

## A. *Diversity Jurisdiction and Removal*

A defendant or defendants may remove an action to the appropriate United States District Court from any state court when federal jurisdiction is proper. 28 U.S.C. § 1446(a). Normally the petition for removal must be filed in federal court within thirty days after the defendant receives the plaintiff's initial pleading or after receipt of a summons if the pleading is not required to be served on the defendant. 28 U.S.C. § 1446(b). However, "i[f] the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

■ There is no question that this action did not become removable until the plaintiffs settled with the nondiverse defendants on January 25, 1988. There is also no question that if diversity exists, the defendant's petition was timely filed since two days is clearly within the thirty day limitation. The only issue that remains in determining whether diversity exists and, therefore, whether removal was appropriate, is whether the existence of certain crossclaims between Raymark and other nondiverse defendants destroys complete diversity.[1]

When a plaintiff voluntarily enters into a settlement with all nondiverse defendants leaving only a diverse defendant in the action, the plaintiff is deemed to have given up its right to choose the forum of the action. *Rowe v. Johns–Manville Corp.,* 658 F.Supp. 122, 123 (E.D.Pa.1987) (*citing Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593 (M.D.La.1983)). It is not required that dismissal of the nondiverse defendants be in writing or be formalized. *See, e.g., Lesher v. Andreozzi,* 647 F.Supp. 920, 921 (M.D.Pa.1986) (nondiverse defendant need not be formally dismissed before removal is proper); *Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328, 331–32 (D.S.C.1979) *appeal dismissed,* 622 F.2d 584 (4th Cir.1980) (plaintiff's counsel's remarks in closing arguments that jury should not return verdict against resident defendant were sufficient to effectuate dismissal and make removal proper). There is no dispute that a settlement was reached between plaintiffs and all nondiverse defendants. Furthermore, although the remaining defendant can still obtain contribution from the settling defendants and the jury would have to determine the relative percentage of liability, defendants remaining in the action only for the purpose of settling crossclaims should be realigned as third party defendants. *Rowe,* 658 F.Supp. at 124 n. 2 (*citing Inventive Music, Ltd. v. Cohen,* 564 F.Supp. 914, 919 (D.N.J.1982)). Since the defendant's claims against third party defendants are within the Court's ancillary jurisdiction, it is not necessary to find an independent basis of jurisdiction if diversity exists between the plaintiff and the remaining non-settling defendant. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3rd Cir.1980) (*citing* 6 Wright & Miller, § 1444 at 223). Since the settling defendants remain in the action only as third party defendants, I find that diversity exists between the remaining parties and that the requisite jurisdictional grounds for removal exist.

## B. *Waiver*

■ As stated previously, the right to remove an action is an absolute right granted to the defendant, 28 U.S.C. § 1446,

---

1. Plaintiff also argues that one non-diverse bankrupt defendant remains in the case. However, all actions against that defendant have been stayed, and for all intents and purposes, that defendant is not an adversary in this proceeding.

unless a defendant may be found to have waived its right to removal. Although there are numerous cases that discuss the concept of waiver, no clear standard has emerged. Generally, however, the courts are in agreement that a defendant's intent to waive its right to removal must be "clear and unequivocal." *See, e.g., Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky. 1981); *Haun v. Retail Credit Co.*, 420 F.Supp. 859, 863 (W.D.Pa.1976); *Hildreth v. General Instrument, Inc.*, 258 F.Supp. 29, 30 (D.S.C.1966). *See also* 1A, Moore's Federal Practice ¶ 0.157[9]. In almost all of the cases where waiver has been found, the courts have concluded that the defendant manifested an intention to remain in state court by either asserting its rights in the court or by some other affirmative action taken in the state forum. In *Aynesworth v. Beech Aircraft Corp.*, 604 F.Supp. 630 (W.D.Tex.1985), the court found that the defendant had waived its right to remove the action by "experimenting with its case in state court" and upon an adverse decision, attempting to transfer it to federal court. *Id.* at 637 (*quoting Rosenthal v. Coates*, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399 (1893)).

In *Waldron v. Skelly Oil Co.*, 101 F.Supp. 425 (E.D.Mo.1951), the plaintiff's opening statement made it clear that plaintiff was dismissing the two resident defendants. *Id.* at 425. Upon completion of the plaintiff's opening statement, the remaining diverse defendant sought permission for an opportunity to remove the action. *Id.* at 426. The request was denied. *Id.* The defendant eventually removed the case after the trial was completed and, in reviewing the removal, the district court held that waiting until the conclusion of the plaintiff's opening statement to seek removal was sufficient to demonstrate an intent to remain in state court and operate as a waiver. *Id.* at 427–28. The court stated "[t]he courts have repeatedly held that when a case becomes removable during the process of a trial, the right to remove may be waived by proceeding with the trial without objection, but that if timely objection is made the record is preserved and what happened thereafter does not prevent the removal." *Id.* at 426. (citations omitted).

In *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D.S.C.1979), the plaintiff's counsel during closing arguments told the jury not to return a verdict against the resident defendant. *Id.* at 332. The plaintiff's closing argument concluded the court proceedings for that day. The following day, when court reconvened, the attorney for the resident defendant moved for a directed verdict. The motion was denied. The nonresident defendant, American Motor Sales Corp. ("AMSC") then notified the court that it would seek to remove the action to federal court because the remarks of the plaintiff's attorney in his closing argument were effectively a dismissal of the resident defendant, thereby leaving the nonresident defendant as the only remaining defendant and thus making the case removable. *Id.* AMSC formally filed its petition for removal during the time the jury was deliberating on its verdict. Thereafter, the jury returned its verdict which was against AMSC only. *Id.* at 331. The district court found that removal by AMSC was proper and that AMSC had not waived its right to remove since it had notified the court and the plaintiffs of its intention to remove before allowing the trial to advance to the next stage, unlike the defendants in *Waldron*. *Id.* at 336.

Commentators advise that a waiver should be found more readily when the case is near disposition. "Where the action becomes removable shortly before, at, or during the trial, the defendant may remove the case, but he must take prompt steps to do so, if his right is to be preserved; and, unless he does so, proceeding to or continuing with the trial constitutes a waiver of the right of removal, even though the thirty day period may not have elapsed." 1A Moore's Federal Practice ¶ 0.157[9].

It is clear that the stage the case is in should be and is crucial when analyzing whether there has been a waiver of the right to removal. For example, filing a pleading in the early stages of litigation may not be as clear and unequivocal an

act as continuing to present evidence in a trial.

In the present case, the parties agree that the case was in an advanced stage of trial and would have gone to the jury for deliberations within a few days after plaintiff settled with the nonresident defendants. They also agree that the case progressed to trial after a long and arduous pre-trial proceeding which required unique and marked judicial attention. There is also no question that Raymark was aware of its right to remove this action sometime during the evening of Monday, January 25th, and certainly no later than the morning of Tuesday, January 26th, when the plaintiffs formally notified the Court of the settlement with the other defendants. On the morning of the 26th, Raymark gave no indication to either the superior court or to the plaintiffs that it was contemplating removing the action to the district court, and, in fact, Raymark continued in the trial of the matter.

Asbestos actions are complex cases that follow a long and difficult path to trial, and when they do come to trial, they usually involve complicated issues for both the court and the jury and usually consume a substantial period of court time. When a case is on trial and becomes removable, a defendant should notify the state court of its intent to remove the action as soon as practical, and certainly before any further evidence or substantive matters are presented to the court. It is reasonable to conclude that a defendant who continues to present witnesses or seek other relief from a court during a trial evidences a clear and unequivocal intent to waive its right to remove.

In the present case, Raymark should have notified the superior court of its intent to remove, even if the petition was not yet filed, as soon as court reconvened on Tuesday morning, January 26th. There was no reason for the case to continue beyond that point unless the state court chose to have the matter continue until a formal petition for removal was filed in the district court. The record in this case leads me to conclude that the defendant, by de-

laying its notification to the state court of its intent to remove the action, waived its right to remove it, and, therefore, the case should be remanded.

An order consistent with this opinion has been entered.