### John W. WALKER

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, American Telephone & Telegraph Technologies, Inc.**

Civ. A. No. G–88–54.

United States District Court,
S.D. Texas,
Galveston Division.

April 13, 1988.

W. Douglas Matthews, Timothy F. Lee, Schmidt & Matthews, P.C., Houston, Tex., for plaintiff.

Arthur Stamm, Baker & Botts, Houston, Tex., for defendants.

### MEMORANDUM, OPINION AND ORDER

HUGH GIBSON, District Judge.

Pending before the Court is a motion to remand to the 130th District Court of Matagorda County, Texas. Having considered the motion, the response in opposition, and the applicable law, the Court is of the opinion that this case was improvidently removed and that the motion to remand should be and hereby is GRANTED.

### Facts

On March 6, 1986, plaintiff John W. Walker filed this FELA and common-law premises liability case in the 130th Judicial District of Matagorda County, Texas. Plaintiff initially named Southern Pacific Transportation Company (Southern Pacific), a nondiverse defendant, as the sole defendant. Shortly after Southern Pacific filed a third-party action against AT & T and AT & T Technologies, plaintiff amended his original petition and stated claims against diverse defendants AT & T and AT & T Technologies. The state court called the case for trial on February 15, 1988. After voir dire, selection, and impanelling of the jury, plaintiff began his presentation of the evidence. Midway through the day on February 16, plaintiff and Southern Pacific announced they had reached a settlement. The state trial court held a settlement conference to dictate the terms of the agreement into the record. During the settlement conference, Southern Pacific was dismissed out of the case. The AT & T defendants then obtained a stipulation from the plaintiff that would allow the AT & T defendants to submit Southern Pacific's negligence to the jury in order to get a comparative allocation of fault for contribution purposes. The settlement confer-

ence ended at 2:25 p.m., and immediately thereafter the state trial court recessed for the afternoon. The jury was instructed to return the next morning. Based on the record before this Court, it appears that the AT & T defendants gave notice of their intention to remove sometime after the settlement conference.[1] The AT & T defendants maintain that they gave notice at 1:30 p.m., fifteen minutes after Southern Pacific was voluntarily dismissed. The issue appears to be one of first impression in this circuit as this Court is called upon to decide how quickly must diverse defendants give notice of their intent to remove a case which is in trial.

*Analysis*

The Court begins its analysis by noting that an otherwise nonremovable case becomes removable if the nondiverse defendant is dismissed voluntarily. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir.1967). Upon voluntary dismissal,[2] the plaintiff loses "his right to control the choice of forum," *OJB, Inc. v. Dowell*, 650 F.Supp. 42, 44 (N.D.Tex.1986), because the removal statutes come back into play. Moreover, a case is removable even if the right to remove does not arise until late in the litigation process. *See Powers v. Chesapeake and Ohio Ry.*, 169 U.S. 92, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898).

However, since the removal statutes were designed to provide a uniform and definite time for a defendant to remove an action, *see Weems*, 380 F.2d at 548, the right to remove is not without restriction. Where a nondiverse defendant is dismissed after service of the initial pleadings, the diverse defendant must remove within thirty days from the date the case first became removable. 28 U.S.C. § 1446(b).[3] On the other hand, where the right to remove oc-

curs immediately before, at, or during trial, the diverse defendant must exercise his right to remove without delay, *see Powers*, 169 U.S. at 102, 18 S.Ct. at 267, "even though the thirty day period may not have elapsed." 1A Moore & Ringle, Moore's Federal Practice ¶ 0.157[9] at 154–55.

The phrase "without delay" deals with the issue of prompt notice of the intent to remove and has received two different interpretations. The first interpretation is that prompt notification means *immediate* notification. For example, in *Waldron v. Skelly Oil Co.*, 101 F.Supp. 425 (E.D.Mo. 1951), the nondiverse defendants were dismissed at the beginning of plaintiff's opening statement. The district court held the diverse defendant should have interrupted the statement and moved for a recess so he could prepare a removal petition. *Waldron*, 101 F.Supp. at 428. A less stringent interpretation can be found in *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328 (D.S.C.1979). In *Heniford* the plaintiff created diversity jurisdiction during his closing statement. After the jury retired to deliberate, but before they returned a verdict, the defendant moved for a recess so as to remove the case. The district court found the defendant gave seasonable notice because he did not allow the trial to advance to the next stage. *Heniford*, 471 F.Supp. at 336.

In light of these two approaches, this Court believes the immediate notification standard of *Waldron* is the better practice. As a matter of public policy voluntary dismissals should be encouraged and to permit removal during trial under any other standard would have a chilling effect on such encouragement. The *Waldron* standard would also minimize any waste of the valuable judicial time and resources of the state, as well as the liti-

---

1. The case was removed under 28 U.S.C. § 1441(b). Jurisdiction is based on diversity under 28 U.S.C. § 1332.

2. A determination of whether a nondiverse defendant was dismissed voluntarily or involuntarily is important. Under the voluntary-involuntary rule, a voluntary dismissal is with the plaintiff's consent and is removable. *Weems*, 380 F.2d at 546. An involuntary dismissal is

against the plaintiff's wishes and is not removable because the plaintiff still has the right to appeal the dismissal through the state appellate courts. *Id.* The classic example of an involuntary dismissal is a directed verdict. *Id.* at 548.

3. 28 U.S.C. § 1446(b) codified the rule in *Powers*. *Weems*, 380 F.2d at 548.

gants themselves. Thus, this Court must look to see if there was any conduct inconsistent with an intent to *immediately* seek federal jurisdiction. *See Chicago Title & Trust Co. v. Whitney Stores*, 583 F.Supp. 575, 577 (N.D.Ill.1984).

In the case *sub judice*, the plaintiff voluntarily dismissed the nondiverse Southern Pacific during the course of a settlement conference. At that moment, the diverse AT & T defendants had a duty to give *immediate* notice of their intent to remove. Instead, the record before this Court indicates that the AT & T defendants gave notice of removal *after* the conference, which was sometime after 2:25 p.m. The AT & T defendants assert that Southern Pacific was dismissed around 1:15 p.m., and that they gave prompt notice of their intent to remove at 1:30 p.m. Yet, even if that be true, a fifteen minute delay will be sufficient to constitute an estoppel. Moreover, the fact that the AT & T defendants wanted to submit a comparative negligence issue to the jury reflects an intent to go forward with the trial, not an intent to remove.[4]

### Conclusion

■ Where a nondiverse defendant is voluntarily dismissed during trial, the diverse defendant must give *immediate* notice of his intent to remove. Since the removal statutes are to be strictly construed, *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir.1986), any conduct inconsistent with the requirement of immediate notification will result in an estoppel or waiver of the right to remove. In this case, the first indication that the nondiverse defendant had been voluntarily dismissed was in the settlement conference. In addition to seeking affirmative relief from the state trial court, the AT & T defendants waited somewhere between fifteen minutes to more than one hour before they gave notice. Such conduct was inconsistent with an immediate intent to remove and constituted

an estoppel. The removal, therefore, was improvident and this Court is without jurisdiction.

### Order

It is therefore ORDERED, ADJUDGED and DECREED that this case was improvidently removed, this Court is without jurisdiction, and that this case is REMANDED to the 130th Judicial District Court of Matagorda County, Texas.

It is further ORDERED that defendants AT & T Technologies pay all costs associated with the removal and remand of this case.

---

4. *Compare Handlon v. Allis-Chalmers Coal Gas Corp.*, 666 F.Supp. 153 (S.D.Ill.1987), where a motion to reconsider was filed in the state court eight minutes before filing a petition to remove. Although removal was denied on other grounds,

the conduct of seeking affirmative relief through a motion to reconsider is analogous to the AT & T defendants desire for affirmative relief in the form of a comparative negligence issue.