Clarence JOHNSON, et al., Plaintiffs,

v.

The CELOTEX
CORPORATION, Defendant.

Civ. No. H–88–2845.

United States District Court,
D. Maryland.

Nov. 30, 1988.

---

Peter G. Angelos and R. Bruce McElhone, Baltimore, Md., for plaintiffs.

H. Emslie Parks, Leland S. Van Koten and Parks, Hansen & Ditch, Towson, Md., for defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Chief Judge.

This is one of the thousands of asbestos cases which have in recent years been filed in this Court and in various state courts in Maryland. This particular case was instituted in the Circuit Court for Baltimore County on March 13, 1986. *Johnson, et al. v. Bethlehem Steel Corporation, et al.,* 86CG970. Alleging that plaintiff Clarence Johnson was suffering from pneumoconiosis and other asbestos-related illnesses, plaintiffs sought in their complaint substantial compensatory and punitive damages from 37 named defendants.

Following extensive pretrial proceedings, this case was grouped with four others for trial before Judge James T. Smith, Jr. of the Circuit Court for Baltimore County. Trial commenced on September 1, 1988. After several weeks of trial, plaintiffs settled with all defendants except for the Celotex Corporation (hereinafter "Celotex"). These settlements were concluded on September 19, 1988, and on September 20, 1988, defendant Celotex filed in this Court a petition for removal, alleging that diversity jurisdiction existed and that removal to federal court was appropriate under 28 U.S.C. § 1446(b).[1] Judge Smith then declared a mistrial in the Baltimore County case and excused the jury.

Pursuant to 28 U.S.C. § 1447(c), plaintiffs have now filed a motion to remand, together with a supporting memorandum of law. Defendant Celotex has filed a memorandum in opposition to plaintiffs' motion to remand, and a hearing on the motion has been held in open court. For the reasons to be stated herein, plaintiffs' motion to remand will be denied.

A defendant may remove a civil action from any state court to an appropriate district court of the United States when federal jurisdiction exists. 28 U.S.C. § 1446(a). A petition for removal must be filed in federal court within 30 days after the receipt by the defendant of a copy of the plaintiff's initial pleading, or, after receipt of a summons if the pleading is not required to be served on the defendant. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a petition for removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or *has become* removable." *Id.* (Emphasis added).

It is well established that if a case becomes removable during or even near the end of a state court trial, the defendant may still exercise his right to remove under § 1446(b). *Heniford v. American Motor Sales Corp.,* 471 F.Supp. 328 (D.S.C.1979), *appeal dismissed,* 622 F.2d 584 (4th Cir. 1980); *Mancari v. AC & S Company, Inc.,* 683 F.Supp. 91 (D.Del.1988). However, a defendant's absolute right to removal can be waived by a defendant provided that the defendant's intent to waive is "clear and unequivocal." *Mancari,* 683 F.Supp. at 94; *Bedell v. H.R.C. Ltd.,* 522 F.Supp. 732, 738 (E.D.Ky.1981).

The leading authority in this Circuit on the question presented in this case is *Heniford v. American Motors Sales Corp., supra,* an opinion authored by Judge Chapman[2] who there undertook "almost a complete circumspection of the removal provisions" of Title 28. 471 F.Supp. at 331. In that case, defendant had formally filed its petition for removal in federal court at the time that the jury in a state court trial was

---

**1.** The four other cases which were included in the trial group before Judge Smith have been similarly removed. Counsel have agreed that the Court's ruling in this case will be likewise controlling in those other four cases.

**2.** When he wrote the *Heniford* opinion, Judge Chapman was a District Judge. He is now a Circuit Judge of the United States Court of Appeals for the Fourth Circuit.

about to commence its deliberations. Judge Chapman held that under the facts of the case removal was appropriate and that the verdict of the jury in the state court trial rendered after defendant's removal to the federal court was a nullity.

In *Heniford,* the plaintiffs had sued in a South Carolina state court both American Motors Sales Corporation ("AMSC"), a non-resident defendant, and an individual, who was a resident of South Carolina. After all of the evidence had been presented in the state court trial and during closing argument of plaintiffs' counsel on February 1, 1979, the attorney for defendant AMSC notified the court that it would seek to remove the action to federal court because remarks of plaintiffs' attorney in his closing argument were effectively a dismissal of the resident defendant and because AMSC, the non-resident, was the sole remaining defendant. Defendant AMSC formally filed its petition of removal during the time the jury in the state court case was deliberating on its verdict. The state trial judge had previously denied the motion of AMSC that the state case be terminated, the jury had been charged, and had retired to deliberate on February 2, 1979. On its return, the jury found in favor of the plaintiffs, and a verdict was entered against defendant AMSC in the amount of $750,000.

■ In his opinion in *Heniford,* Judge Chapman concluded that once removal papers were filed on the morning of February 2, 1979 in the United States District Court for the District of South Carolina, removal to federal court was effected, state jurisdiction ended, and any further action in the state court was void. 471 F.Supp. at 338. The substantial verdict against defendant AMSC was accordingly set aside. *Id.* Emphasizing that the right of removal although statutory is a substantial right of a non-resident defendant, Judge Chapman pointed out that the paramount consideration in determining whether the dropping of a resident defendant renders the case removable is if such resulted from the voluntary act of the plaintiff. 471 F.Supp. at 335. Where the plaintiff's voluntary conduct terminates plaintiff's action against the resident defendant, the circumstances creating removability are wholly beyond the control of the defendant. *Id.* at 335–36. Once the plaintiff's voluntary conduct by way of dismissal, settlement or otherwise indicates an intention to discontinue plaintiff's action against the resident defendant, a non-resident defendant's right to remove arises and is controlling so long as prompt action is taken. *Id.*

■ Plaintiffs argue that since defendant Celotex filed a cross claim against co-defendants in state court, it waived its right to remove this civil action. But Celotex filed its cross claim *before* any right of removal existed. It is well established that a right to remove can be waived only by acts of the defendant taken *after* a case became clearly removable. *See, e.g., Bolivar Sand Co. v. Allied Equipment, Inc.,* 631 F.Supp. 171, 173 (W.D.Tenn.1986); *Bedell v. H.R.C. Ltd., supra,* 522 F.Supp. at 737; *George v. Al–Saud,* 478 F.Supp. 773, 774 (N.D.Cal.1979). In filing the cross claim against co-defendants in state court at a time when it did not know and could not have known that it would later have a right of removal, Celotex was merely attempting to protect itself from an adverse verdict rendered against it in the state court. Defendant Celotex did not waive its right to remove when it took appropriate defensive action in the state court at a time when it lacked the ability to remove the case to federal court.

■ For waiver to have occurred, a defendant must have taken some affirmative action in state court after its right to remove exists. In *Gist v. Eagle Picher Industries, Inc.,* Civil No. JFM–88–604, both Judge Hargrove and Judge Motz of this Court held that remand was required in a case in which defendant Raymark had filed motions in state court after its right of removal arose and after the state court had ruled unfavorably on its motions. (*See* Memorandum and Order of Judge Hargrove dated March 1, 1988 —— F.Supp. —— and Memorandum and Order of Judge Motz dated March 4, 1988 —— F.Supp. ——). In *Mancari v. AC & S Company,*

*Inc., supra,* an asbestos case commenced in a state court in Delaware, defendant Raymark was found to have waived its right of removal when, after such right had arisen, it continued to participate in the trial and even recalled an expert witness. The Court found it reasonable to conclude that a defendant which continues to present witnesses or seek other relief from a state court during a trial evidences a clear and unequivocal intent to waive its right to remove. 683 F.Supp. at 95.

The facts here indicate that defendant Celotex acted promptly and in full compliance with § 1446(b) when it indicated in state court that it intended to exercise its right of removal. Once plaintiffs settled with the non-diverse defendants, diversity jurisdiction existed. Nothing in the record indicates that defendant Celotex waived its right of removal.

When presented with settlement offers by all non-diverse defendants during the course of a state court trial, plaintiff is the party which controls whether the case against the diverse defendant will proceed to verdict in state court or will be immediately removed to federal court for later trial. If the plaintiff wishes to proceed to verdict against the diverse defendant, it can refuse to settle with the other defendants or conceivably make the settlements effective only on a date after verdicts have been returned in the state court. If it decides instead to settle immediately with all non-diverse defendants and if the diverse defendant acts promptly to remove the case, plaintiff will know that a later trial involving the diverse defendant will have to be held in federal court because the case would then have become immediately removable. Voluntary discontinuance of an action by a plaintiff against all non-diverse defendants indicates that the plaintiff no longer wishes to dictate the forum of the action. *Rowe v. Johns–Manville Corp.,* 658 F.Supp. 122, 123 (E.D.Pa.1987).

In *Heniford,* Judge Chapman rejected the argument that removal at a late stage of state court proceedings offends fundamental principles of comity and intrudes on the domain of the state court. 471 F.Supp.

at 338. Although removal statutes are to be strictly construed with regard to the jurisdiction of state courts, proper removal does no violence to state-federal relations, and a court should not permit a plaintiff's trial tactics to deprive a non-resident defendant of a valid statutory right to removal where such is timely implemented. *Id.*

Finally, this Court would note that recent legislation, although not applicable to this case, would presumably prevent removal of a case of this sort to federal court during the state trial. The President recently signed the so-called "Judicial Improvements and Access to Justice Act." That Act, *inter alia,* amended the second paragraph of 28 U.S.C. § 1446(b) by striking out the period at the end and inserting in lieu thereof "except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 134 *Cong.Rec.,* 516, 215 (daily ed. Oct. 14, 1988). Presumably, few, if any, asbestos cases filed in state court will reach the stage of trial within the period of one year after filing.

For the reasons stated, it is this 30th day of November, 1988, by the United States District Court for the District of Maryland,

ORDERED that plaintiff's motion to remand be and the same is hereby denied.