**Mario SELVAGGI, Plaintiff,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY and Richard DeVogel, Defendants.**

No. 94–CV–5709.

United States District Court, E.D. Pennsylvania.

Jan. 3, 1995.

---

Anthony Bernard Quinn, Philadelphia, PA, for plaintiff.

Mitchell S. Goldberg, Cozen and O'Connor, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This memorandum and order will resolve two outstanding motions filed in this insurance fraud case. The first is Plaintiff Mario Selvaggi's motion to remand this matter to the Court of Common Pleas for Philadelphia County, Pennsylvania. The second motion, filed by Defendants Prudential Property and Casualty Insurance Company (Prudential) and Richard DeVogel, seeks the dismissal of complaint as to Mr. DeVogel pursuant to either Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 21. For the reasons that follow, Mr. Selvaggi's motion to remand will be denied, while the defendants' motion to dismiss will be granted.

## I. HISTORY OF THE CASE

The facts giving rise to this action are in considerable dispute, but since the issue here is whether Mr. Selvaggi has stated a claim on which relief can be granted, this Court must take as true all of the factual allegations made in the complaint. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994). Accordingly, on June 2, 1993, Prudential, an Indiana corporation with its principal place of business in New Jersey, issued a homeowner's insurance policy to Mr. Selvaggi, a citizen of Pennsylvania, covering his place of residence in South Philadelphia. Mr. DeVogel, also a Pennsylvania citizen, is an insurance agent who assisted Mr. Selvaggi in acquiring the insurance policy. The term of the policy was to run for a period of one year; however, on June 25, 1993, Prudential canceled the policy because Mr. DeVogel allowed the policy to lapse. Thus, there was a lapse in coverage between June 25 and July 19, 1993. By July 20, 1993, however, the policy had been reinstated and was fully valid.

On July 26, 1993, a fire swept through Mr. Selvaggi's home, causing the death of his wife and injury to the plaintiff and his three children. The Philadelphia Fire Marshall conducted an investigation into the loss and determined that the fire had been caused by the malfunction of an electrical device. Prudential then conducted its own investigation and concluded that the fire had been intentionally set, either by Mr. Selvaggi or at his behest. As a result, Prudential refused to honor the policy, and informed Mr. Selvaggi of its decision on July 7, 1994.

Mr. Selvaggi then filed a praecipe for writ of summons in the Court of Common Pleas for Philadelphia County on July 11, 1994, naming both Prudential and Mr. DeVogel as defendants. On August 30, 1994, the defendants responded by filing, pursuant to Pennsylvania Rule of Civil Procedure 1037(a), a praecipe to file a complaint.[1] On September

---

1. Rule 1037(a) provides as follows:
   If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgement of non pros.

16, 1994, before the conclusion of the twenty day period, the defendants filed a petition for removal of the case to this Court. Finally, the defendants filed a praecipe for judgment of non pros on September 21, 1994. With this background in mind, we turn first to Mr. Selvaggi's motion to remand.

## II. *DISCUSSION*

### A. *Motion to Remand*

In support of his motion, Mr. Selvaggi argues that the case should be remanded because the defendants failed to comply with the procedures for removal set forth at 28 U.S.C. § 1446. Although the substance of the argument is not entirely clear from Mr. Selvaggi's memorandum, it appears that the argument is two-pronged. First, Mr. Selvaggi contends that the petition for removal was filed after the expiration of the statutory period for such actions. Section 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C.A. § 1446(b). Mr. Selvaggi contends that the thirty day period was triggered on July 11, 1994, when he filed a praecipe for a writ of summons in the Court of Common Pleas. Since the defendants did not file their petition for removal until September 16, 1994, the argument goes, the matter should be remanded because of the defendants' failure to comply with the removal procedures.

■ Even if the filing of a praecipe for a writ of summons could be construed as "the initial pleading setting forth the claim of relief," triggering the thirty day period in which the defendants could have removed the case to this Court, it appears that Mr. Selvaggi's own inattention to proper procedure precludes him from raising this objection now. Pursuant to 28 U.S.C. § 1447(c), "[a]

motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the notice of removal." Since the notice of removal was filed on September 16, Mr. Selvaggi's failure to file the motion to remand until December 1, 1994 prevents him from pointing to any procedural error on the part of the defendants. As a result, we decline to remand the case to the Court of Common Pleas on this basis.

■ The second prong of Mr. Selvaggi's argument for remand is that the defendants waived their right to remove the case by attempting to secure a final judgment from the state court. This argument is based upon cases like *Gore v. Stenson,* 616 F.Supp. 895 (S.D.Tex.1984), and *Carpenter v. Illinois Cent. Gulf R. Co.,* 524 F.Supp. 249 (M.D.La. 1981), which generally note that a defendant can lose his right to remove a case by taking some substantial defensive action in the state court before submitting the petition for removal. *Gore,* 616 F.Supp. at 897; *Carpenter,* 524 F.Supp. at 251. Thus, Mr. Selvaggi contends that the defendants waived their right to remove by filing the Rule 1037(a) rule to file complaint and praecipe for judgment non pros.

We find Mr. Selvaggi's argument meritless. In prior cases, the district courts have recognized that while no clear standard has emerged regarding waiver, the statutory right to removal will not be lost unless the defendant's intent to waive is clear and unequivocal. *Mancari v. AC & S Co.,* 683 F.Supp. 91, 94 (D.Del.1988); *Bryfogle v. Carvel Corp.,* 666 F.Supp. 730, 733 (E.D.Pa. 1987). In considering the issue of waiver, one court has noted that "the stage the case is in should be and is crucial when analyzing whether there has been a waiver of the right of removal." *Mancari,* 683 F.Supp. at 94. Thus, pleadings that are filed early in the proceedings are rarely construed as clear waivers of the right to remove. *Id.* at 94–95; *see Carpenter,* 524 F.Supp. at 251 ("Actions which are preliminary and nonconclusive in character have generally not been held to

---

Thus, Mr. Selvaggi was obliged to file a complaint within twenty days or face a judgment of non pros.

constitute waiver."). Further, courts generally have held that the right to remove is maintained where there has been no litigation on the merits and no prejudice to any of the parties. *Carpenter,* 524 F.Supp. at 251.

■ All of these considerations argue that the defendants have not waived their right to remove by filing the rule to file complaint and praecipe for judgment of non pros in the state court. These actions occurred very early on in the proceedings, before any litigation on the merits took place. Further, under the law of Pennsylvania, a judgment of non pros does not operate as a judgment on the merits. *Hatchigian v. Koch,* 381 Pa.Super. 377, 553 A.2d 1018, 1019 (1989). Thus, the actions taken by the defendants in the state court can best be characterized as preliminary and inconclusive. Under these circumstances, we cannot say that the defendants' actions manifested a clear and unequivocal waiver of their right to remove. Accordingly, this Court declines to remand the case on the basis of waiver.

## B. *Fraudulent Joinder*

Although we have rejected the arguments raised by Mr. Selvaggi in his effort to remand this case, we are compelled to raise, *sua sponte,* the issue of whether this matter should be remanded on the grounds that this Court lacks jurisdiction over the subject matter. Pursuant to 28 U.S.C. § 1447(c), this Court must remand any action if "it appears that the district court lacks subject matter jurisdiction." Thus, since this case is before us on the basis of our diversity jurisdiction, we must remand if there exists a want of diversity of citizenship. The Supreme Court has held that in order for a federal court to exercise its jurisdiction on the basis of diversity of citizenship, there must be "complete diversity" between the parties. Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978); *Bonar, Inc. v. Schottland,* 631 F.Supp. 990, 993 (E.D.Pa.1986). Although Prudential and Mr. Selvaggi are of diverse citizenship, since both Mr. Selvaggi and Mr. DeVogel are citizens of Pennsylvania, it appears that there is a lack of "complete diversity" in this matter.

■ Nevertheless, the defendants ask us to dismiss the action as to Mr. DeVogel and deny Mr. Selvaggi's motion to remand on the grounds that Mr. DeVogel was fraudulently joined as a party. The "fraudulent joinder" doctrine does not require a showing of fraud as the term is generally understood. *Cook v. Pep Boys—Mannie, Moe & Jack, Inc.,* 641 F.Supp. 43, 46 (E.D.Pa.1985). Instead, the Third Circuit has noted that joinder is considered fraudulent " 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.' " *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 32 (3d Cir.1985) (quoting *Goldberg v. CPC International, Inc.,* 495 F.Supp. 233, 239 (N.D.Cal.1980)). Thus, joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111–12 (3d Cir.1990) (citations omitted), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991).

■ The removing party bears the burden of demonstrating that the plaintiff has fraudulently joined a party in an effort to defeat diversity jurisdiction. *Id.* at 111. In determining whether a defendant has met this burden, the district court must analyze the complaint, assuming as true all factual allegations made therein. *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dismissed sub nom., American Standard, Inc. v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). Thus, if we determine that Mr. DeVogel has been fraudulently joined, we must dismiss the complaint as to Mr. DeVogel while maintaining jurisdiction over the dispute in this Court. If, however, we find that Mr. Selvaggi has properly stated a claim against Mr. DeVogel, we must remand this matter to the Court of Common Pleas in accordance with 28 U.S.C. § 1447(c). With this in mind, we turn to the complaint and ask whether Mr. Selvaggi has properly stated a claim against Mr. DeVogel.

## C. *The Complaint*

■ Counts VII and VIII of the complaint concern wrongdoing on the part of Mr. De-Vogel. Count VII alleges a breach of contract in that Mr. DeVogel allowed Mr. Selvaggi's insurance policy to lapse between June 25, 1993 and July 19, 1993. Count VII provides, in pertinent part, as follows:

> 60. Defendant, DEVOGEL in direct violation of his agreement with plaintiff and contrary to his course of conduct and dealing in handling plaintiff's insurance needs, failed and neglected to keep in continual effect a proper and adequate fire and/or hazard policy....
>
> 63. As a direct and proximate result of the failure of defendant, DEVOGEL in allowing a lapse in coverage, as well as the conduct of defendant, DEVOGEL in [his] dealings with defendant, PRUDENTIAL, plaintiff was refused coverage for his losses....

First, it is obvious that Mr. Selvaggi cannot recover directly because of a lapse in coverage. Because Prudential has denied coverage based upon its belief that Mr. Selvaggi caused the fire, and not because of a coverage lapse, Mr. DeVogel's alleged failure to keep the policy current is irrelevant, and cannot serve as the basis for a claim against him.

Not deterred, Mr. Selvaggi also argues that the lapse in coverage provided Prudential with some rationale for denying coverage. Stated differently, Mr. Selvaggi contends that the policy lapse was misleading evidence of wrongdoing that triggered Prudential's investigation and subsequent refusal to honor the insurance contract. Unfortunately for Mr. Selvaggi, the lapse in policy is merely some evidence, albeit weak, supporting Prudential's theory of wrongdoing. Mr. Selvaggi can refute it by presenting evidence that Mr. DeVogel was responsible for the lapse in coverage. Standing alone, however, the coverage lapse had no relation to Prudential's refusal to pay, and therefore it cannot support a claim against Mr. DeVogel. Accordingly, we conclude that Count VII does not properly state a claim against Mr. DeVogel.

■ Count VIII of the complaint alleges that Mr. DeVogel's conduct amounts to a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.Stat.Ann. §§ 201-1—201-9.2 (1993) (Consumer Protection Act). Count VIII provides, in pertinent part, as follows:

> 66. The conduct of defendant, DEVOGEL in failing and/or refusing to provide and adequate insurance coverage after accepting and retaining payment therefor, constitutes unfair or deceptive acts or practices within [the] meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Statutes section 201.2(4).

Thus, Mr. Selvaggi alleges that he has suffered harm as a result of Mr. DeVogel's wrongful conduct.

We conclude, however, that Mr. Selvaggi cannot, under the facts alleged, bring a Consumer Protection Act claim against Mr. DeVogel. The Consumer Protection Act sets forth various forms of wrongful business activity and defines them "unfair methods of competition" and "unfair or deceptive acts or practices." § 201-2(4). The Act further declares that such activity is unlawful, § 201-3, and allows any person who has suffered harm as a result of a violation of the Act to recover in a private action. § 201-9.2. Since Mr. Selvaggi concedes that the insurance policy was in full effect on the day of the loss, however, the injury to Mr. Selvaggi results not from the coverage lapse allegedly caused by Mr. DeVogel's misdeeds, but from Prudential's refusal to pay. Thus, even if Mr. DeVogel has engaged in a violation of the Consumer Protection Act, Mr. Selvaggi suffered no harm as a result. Accordingly, Mr. Selvaggi has failed to state a proper Consumer Protection Act claim against Mr. DeVogel.

## III. *CONCLUSION*

Because there is no reasonable basis in fact supporting a cause of action against Mr. DeVogel, we conclude that Mr. Selvaggi has joined Mr. DeVogel fraudulently in an effort to defeat this Court's diversity jurisdiction. Accordingly, we will grant the defendants' motion to dismiss the complaint as to Mr.

**820**

DeVogel, deny Mr. Selvaggi's motion to remand the case to the Court of Common Pleas, and retain jurisdiction over this matter in this Court. An appropriate order follows.

See, 43 F.3d 1470.

### ORDER

AND NOW, this 3rd day of January, 1995, upon consideration of Defendants' Motion to Dismiss the Complaint as to Defendant DeVogel, and Plaintiff's Motion to Remand the case to the Court of Common Pleas, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss the Complaint as to Mr. DeVogel is GRANTED, and

2. Plaintiff's Motion to Remand is DENIED.